UNITED STATES, Appellee

v

BOBBY J. GRIFFIN, Private E-1, U. S. Army, Appellant

9 USCMA 215, 25 CMR 477

No. 10,403

Decided May 2, 1958

*First Lieutenant Judson A. Parsons, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Major Frank C. Stetson* and *First Lieutenant Robert J. Hearon, Jr.*

*First Lieutenant Jay D. Fischer* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee, First Lieutenant Jon R. Waltz,* and *First Lieutenant Chester F. Relyea.*

## Opinion of the Court

HOMER FERGUSON, Judge:

To assist in effecting his unauthorized absence from his organization, the accused appropriated several items of civilian attire including a pair of shoes, a shirt, and a pair of trousers. Charged *inter alia* with the larceny of these articles of clothing, he pleaded not guilty, but guilty of the lesser offense of wrongful appropriation. The court-martial, however, found him guilty as charged.

At trial, he testified that he had taken the articles in order to satisfy his need to avoid detection until he had placed a certain distance between himself and Fort Jackson, South Carolina. He insisted, however, that he always intended to return the clothing to its rightful owners when he returned to military

216

control. He did not state, however, when this was to occur. The unauthorized absence lasted for a period of five days and was terminated by apprehension. While at home during this period, he wore his own civilian clothing. The shoes and shirt were retained by him while the trousers were discarded because of their general state of disrepair. Upon his return to military control, the shoes and shirt were returned to the rightful owners, but being unable to return the trousers, restitution in the amount of $10.00 was made on the day before trial.

In view of his plea, the only question for the court-martial's consideration was his intent with respect to the articles taken. After instructing on the elements of the offenses charged, the lesser included offense and proof of intent by circumstantial evidence, the law officer charged the court as follows:

". . . An intent to steal is implicit in a wrongful and intentional dealing with the property of another in a manner likely to cause him to suffer a permanent loss thereof. *Consequently, a person may be guilty of larceny even though he intends to return the property ultimately, if the execution of that intent depends on a future condition or contingency which is not likely to happen within a reasonably limited and definite period of time. Thus, one may be found guilty of larceny who conceals the property of another with intent to retain it until a reward is offered for it, or who pawns the property of another without authority, intending to redeem it at an uncertain future date and then return it.* Those are not specifically applicable to this case but are given as an example." [Emphasis supplied.]

It was to determine the correctness of the italicized portion of the above instruction that we granted review in this case. This instruction was taken in its entirety from the Manual's discussion of larceny. Paragraph 200a (6), Manual for Courts-Martial, United States, 1951. It is well-settled that the intent to deprive the owner of the use and benefit of his property permanently is an essential ingredient of every larceny conviction. Article 121, Uniform Code of Military Justice, 10 USC § 921. The accused by his testimony placed in issue the question of temporary deprivation. It is contended that the instruction complained of may be interpreted in a manner similar to one which was held erroneous in United States v Rushlow, 2 USCMA 641, 10 CMR 139. That case dealt with the problem of a contingent intent in a desertion case. The accused there had testified that he had intended to return to military control when his brother was discharged from the service. The law officer had instructed the court that a purpose to return provided a particular but uncertain event happens in the future may be considered as an intent to remain away permanently. We held that such instruction stated an incorrect principle of law in that its practical effect "was to render the accused's explanation no more than a judicial confession and its legal effect was to announce a new rule of law, that is, specific intent to remain away may be established by proving an intent to return if the latter is based on a contingency."

We believe the present instruction contains the same defect as the one in *Rushlow,* supra. The vice in such an instruction is that it converts the accused's explanation into a judicial confession of larceny, and its legal effect is to announce as a rule of law that a contingent intent equals a permanent intent. Proof of an intent to deprive permanently is not satisfied by evidence of an intent to deprive temporarily predicated upon the happening of an uncertain event. We believe this conclusion is further supported by reference to the examples given by the law officer as demonstrating uncertainty, such as the retention of property until reward for its return is offered and pawning the property of another with the intent to redeem it at an uncertain future date. It is not unlikely that the court-martial, under these circumstances, concluded that these examples could be equated to the uncertain condition existing in the present case. Con-

217

sequently, no alternatives were left to the court but to return findings of guilt as to the larceny.

The Manual provision, supra, which was incorporated in this instruction was considered by us in the case of United States v Hatter, 8 USCMA 186, 23 CMR 410. There, the accused had pleaded not guilty to the larceny of a radio, but guilty of its wrongful appropriation. He claimed that he had pawned the radio with the intent of redeeming it on payday, which was three days after the pawning. Trial counsel, in an effort to support his theory that the act of pawning evidenced an intent to deprive permanently, read to the court in argument, the language embodied in paragraph 200a(6), Manual for Courts-Martial, supra, now under attack. We reversed the accused's conviction in that case on the grounds that the Manual provision, supra, quoted by the trial counsel was inapplicable to the facts of the case, and its inclusion was capable of prejudicing the accused. It was unnecessary to our decision in that case to determine whether the Manual provision set forth a correct principle of law. Now, however, when squarely faced with that issue, we hold that the Manual provision is incorrect. It should not be made the basis of instructional guidance.

What we have said to this point applies to the accused's appropriation of the shoes and shirt. As to these items, the evidence showed that following apprehension, they were returned to their rightful owners. A different situation, however, arises with respect to the trousers which were taken by the accused. His testimony as to this item established that he had thrown them away after reaching his destination because they had been badly torn, thus rendering them worthless. The accused contends that the erroneous instruction would be equally prejudicial with respect to the trousers. Two arguments are offered in support of this position. The first is to the effect that, if the trousers were discarded because of their worthless condition, the court-martial could have concluded that there was no larceny because of the ab-

sence of any value in the property taken. This argument is completely untenable for it overlooks the distinct possibility that the trousers did not become worthless until subjected to the use given them by the accused. Furthermore, the accused testified that "if I was going to buy the pants, I wouldn't have give over $3.00 for them." The second argument is based on an additional instruction given by the law officer at defense counsel's request that if the intent to deprive permanently did not exist at the time of taking, "the mere fact that the goods were unintentionally destroyed so that they could not be returned in specie does not change the offense from one of wrongful appropriation to one of larceny." Without deciding the correctness of this instruction, the principle stated therein is wholly inapplicable to the facts of this case. The accused admitted that he had purposely thrown the trousers away at which time he did not intend to return them to their rightful owner.

We conclude, therefore, that the instructional error could have had no effect on the court-martial's findings of guilt of the larceny of the trousers. The accused was convicted of the larceny of several items of an aggregate value of less than $20.00, which conviction can be sustained by the evidence as to the trousers alone.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

My views on this instructional question are set out in United States v Hatter, 8 USCMA 186, 23 CMR 410. Perhaps it is just as well to discard the discussion in the Manual, for it is used too often when the issue is not properly raised. However, there is good law to support the theory and, if care were exercised to use the principle when it was framed by the evidence, a more accurately worded instruction would aid the court.