UNITED STATES, Appellant

v

HENRY L. CHANEY, JR., Private E–2, U. S. Army, Appellee

9 USCMA 289, 26 CMR 69

No. 11,288

Decided May 29, 1958

Lieutenant Colonel John G. Lee, First Lieutenant Wade H. Sides, Jr., and First Lieutenant Jay D. Fischer were on the brief for Appellant, United States.

Colonel J. M. Pitzer, Captain John F. Christensen and First Lieutenant Frank J. Lane, Jr., were on the brief for Appellee, Accused.

Opinion of the Court

HOMER FERGUSON, Judge:

The accused, although pleading guilty to wrongful appropriation of a pistol, holster, and ammunition, was found guilty of larceny of the same articles in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. In his pretrial statement, which was admitted in evidence as a prosecution exhibit, the accused in pertinent part had stated:

"I figured if I was sent back to Fort Lewis, I would be getting out of the Army in about three months and would be passing back by somewhere closed [sic] at which time I could mail the pistol back to the Detachment. I wouldn't have any use for it after we left there."

The law officer, after correctly instructing the court on the essential elements of the principal offense and the lesser included offense, charged the court-martial as follows:

"The court is further advised a person may be guilty of larceny even

**289**

though he intended to return the property ultimately if the execution of that intent depends on a future condition or contingency which is not likely to happen within a reasonably limited and definite period of time."

The board of review, in a well-considered opinion, held the above instruction erroneous. In the course of its opinion, the board said:

". . . Evidence of an intent to return the property, depending on future conditions or contingencies cannot be held to be indicative of an intent permanently to deprive the owner of his property, but on the contrary is some evidence at least of a probable intent to return the property to its owner."

The Judge Advocate General of the Army has certified two questions for our consideration. The first deals with the correctness of the aforementioned instruction while the second seeks to determine the prejudice of such instruction, assuming the first question is answered in the affirmative. The instruction in question is in language identical to that embodied in paragraph 200a(6), Manual for Courts-Martial, United States, 1951. Under circumstances substantially similar to those presently under consideration, we held that an instruction based upon this Manual provision to be prejudicially erroneous and that it should not be made the basis for instructional guidance in the future. United States v Griffin, 9 USCMA 215, 25 CMR 477. Accordingly, the certified questions are answered in the affirmative and the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring):

I concur for the reason I expressed in United States v Griffin, 9 USCMA 215, 25 CMR 477.