UNITED STATES, Appellee

v

DENNIS F. GRANT, Dentalman, U. S. Navy, Appellant

15 USCMA 13, 34 CMR 459

No. 17,675

August 21, 1964

Hugh E. Watkins, Esquire, was on the brief for Appellant, Accused.

Major Daniel F. McConnell, USMC, and Captain James A. Potter, USN, were on the brief for Appellee, United States.

### Opinion of the Court

PER CURIAM:

The accused stands before us convicted of one specification of larceny and one specification of wrongful appropriation, both in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. His approved sentence extends to bad-conduct discharge, confinement at hard labor for five months, forfeiture of $70.00 per month for five months, and reduction.

We granted review on an issue dealing with sufficiency of the president's instructions concerning the larceny charge.

The property involved in the two specifications consisted of a typewriter and a radio. Accused conceded at the trial that he had taken the radio and pawned it, with the intent of redeeming it and returning it to its true owner. Regarding the type-

**13**

writer, he testified that he had purchased it from an unknown hitchhiker while en route to Washington, D. C., and had subsequently also pawned it. At the time of the purchase, he believed it to be "hot," *i.e.*, stolen from the base at which he was stationed. He intended to redeem the machine and return it to the base.

Among other things, the president of the court instructed its members as follows:

"PRES: The court is instructed that an intent to steal which is in a sense the same as to say permanently deprive, is implicit wrongful intentional dealing with the property of another and a manner likely to cause him to suffer a permanent loss thereto. Consequently, a person may be guilty of larceny even though he intends to return the property ultimately, if the execution of that intent depends upon the future conditions or contingencies which is not likely to happen within a reasonable limited period of time. He also may be found guilty of larceny who conceals the property of another with the intent to retain it until a reward is offered for it, or who pawns the property without authority, and intends to redeem it at an uncertain future date and then return it."

Such advice was prejudicially erroneous. United States v Griffin, 9 USCMA 215, 25 CMR 477; United States v Chaney, 9 USCMA 289, 26 CMR 69. In addition, we note deficiencies in the instructions which may have led the court to convict the accused on the basis that he received the stolen typewriter and thereafter withheld it from the Government. See United States v McFarland, 8 USCMA 42, 23 CMR 266. We have carefully considered the Government's brief, which argues that accused's testimony is "essentially incredible." We reject any such conclusion as immaterial here. See United States v Kuefler, 14 USCMA 136, 33 CMR 348.

The decision of the board of review is reversed as to specification 1 of the Charge, and the record of trial is returned to The Judge Advocate General of the Navy. The board may reassess the sentence on the basis of the findings of guilty of specification 2 of the Charge or order a rehearing on specification 1 and the penalty.