No. 8868.

CLARKE *v.* THE PEOPLE.

1. CRIMINAL LAW—*False Pretenses,* made to the prosecutor a considerable time before he parted with his money, which have produced the effect to mislead and deceive, and still remain in his mind, and induce his action, bring the case within the statute, even though, at the time of acting, he is not consciously reflecting upon or remembering such false statements.

An instruction authorizing a conviction upon "subconscious" remembrance of the former false statement, held, not erroneous.

2. —— *False Pretenses Deceiving the Person to Whom it is Made,* is within the statute. It need not be such as would deceive a person of ordinary prudence.

3. —— *Intent to Defraud,* need not exist at the time of making the false representation. If in obtaining the prosecutor's money, the accused makes no retraction or qualification of the previous statement, and is intending to have advantage of its probable effect upon the mind of the prosecutor, he is guilty.

Such conduct of the swindler is equivalent to a reiteration of the previous false statement.

4. —— *Instructions—Construction.* All instructions are to be taken together. What, considered by itself, might mislead, may be corrected by another passage of the charge.

5. —— *Construed.* An instruction that if any witness had wilfully falsified, any material fact, the jury "should give any other testimony of such witness" weight "according as you deem it credible, in view of all of the evidence," approved.

6. —— *Non-Direction,* where no instruction is prayed, is not error.

*Error to Weld District Court, Hon. Robt. C. Strong, Judge.*

Mr. EDMUND J. CHURCHILL, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, and Mr. WENDELL STEPHENS, Assistant Attorney General, Hon. LESLIE E. HUBBARD, Attorney General, and Mr. JOHN L. SCHWEIGER, Assistant Attorney General, for The People.

Mr. Justice Allen delivered the opinion of the court.

THE plaintiff in error, hereinafter also referred to as the defendant, was convicted of obtaining money by false pretenses, and brings error.

The evidence, on the part of the prosecution, shows that one O. F. Broman, the prosecuting witness, had several conversations with the defendant during October, 1913. In those conversations the defendant represented to Broman that the Clarke Medical Company had at that time in operation two institutions for the treatment of persons afflicted with either the liquor, or the morphine habit; that one of such institutions was located at Denver, and the other at Trinidad; that the one at Trinidad took care of the miners there, and was a paying institution, because a good many miners addicted to strong drink were willing to pay the fee; and that the institution at Denver was well equipped, had sixteen beds, besides a county ward, where county patients, averaging about twelve a year, were accommodated. The evidence further shows that in those conversations the defendant represented that the company earned, in the business, between 240 and 260 per cent. dividends on its capital stock, and that it had $6,000 in the bank. It was also represented by the defendant that there was never any difficulty in having the alleged Denver institution filled with inmates, and that the average fee in each case was $175, and that the county of Denver paid $100 for the treatment of each county patient.

The defendant denied that he made such representations. It appears to be conceded that the statements or pretenses, if made, were false. The defendant was a director in the

Clarke Medical Company, and a majority of the shares in the company was held by his wife. After these conversations between Broman and the defendant took place, and during the same month, the defendant came into Broman's office and, as Broman testified, "pulled out these stock certificates." It appears that on that occasion the defendant transferred to Broman 1,000 shares of stock in the company, and received from Broman a check for $200, at that time, and a check for $800 at a later date.

The first contention of the plaintiff in error is that the trial court erred in refusing to direct a verdict of acquittal. It is claimed that the evidence fails to show that Broman relied upon the representations, or that they constituted the initial cause of his paying the defendant the money as charged.

Broman testified on direct examination that he believed the representations that the defendant made; that he acted upon them; and that if he had not believed them he would not have paid $1,000 for the stock. This witness further testified that he secured the stock as a result of the defendant's representations, and that on account of such statements he gave defendant the two checks of $1,000.

The plaintiff in error, defendant below, insists that this testimony of Broman must be qualified by what the witness said on cross-examination, and that his testimony on such cross-examination materially, if not altogether, destroyed the specific statements, above mentioned, made in the direct examination.

We do not take this view of Broman's testimony. He testified on cross-examination that he did not give the matter any serious thought at the time he took the stock, and that the stock transaction "came at the psychological moment." The witness also said: "I accepted the papers because they made out the papers to me, or because of the impression received regarding the business in the past." In answer to the question: "Did you turn over in your mind any specific statement you had heard whether from Clarke (the defendant) or anyone else?," the witness said: "No,

I don't know that I did except in a subconscious manner perhaps."

This evidence did not contradict, nor was it inconsistent with the testimony given in chief. One may rely upon statements previously made to him, and act on, and because of, the same, without consciously reflecting upon those statements, provided the impressions theretofore created by such representations still remain on his mind.

The evidence was sufficient to warrant the jury in finding that the prosecuting witness relied and acted upon the false pretenses. In the case of *State v. Thatcher,* 35 N. J. L. 445, the prosecutor did not expressly testify that he was induced to act because of the false pretenses but the court said:

"It is sufficient, if the jury are satisfied that the unlawful purpose would not have been effected without the influence of the false pretense, added to any other circumstance which might have contributed to control the will of the injured party."

There was no error in refusing to direct a verdict of acquittal, upon the ground mentioned.

· The plaintiff in error further contends that the trial court erred in including in the instruction numbered 7 the expression: "whether consciously so induced on the part of Broman." The context of this expression, or the portion of the instruction containing the same, reads as follows:

"And in this case, if you find from the evidence beyond a reasonable doubt that the defendant falsely made in substance, any of the alleged pretenses without at the time intending Broman to act thereon in purchasing the stock of the company, but afterwards sold to Broman the stock with intent and design that Broman should rely upon and be influenced to buy such stock and make payment therefor because of the former false pretense, or false pretenses, whether consciously or subconsciously so induced on the part of Broman, you should in such case treat such former pretense as though by adoption renewed upon such dealing by the defendant on trial."

The expression contained in the instruction, and objected to in this connection, was evidently intended to be adapted to the theory that a person may be induced to act upon statements previously made to him without, at the time of acting, thinking about any of the statements. Such theory is correct because impressions are formed and a belief may be created at the time when the representations are made, and a party may act upon and because of the statements and pretenses, without consciously reflecting upon them, or even upon the belief which they created. In such case it may be said that a person is acting "subconsciously" in reliance upon the truth of the statements previously made to him because of the impressions created on his mind by such statements. The testimony in this case justified, though not required, some instruction based on this theory.

The instruction given is not erroneous. When considered along with other instructions, it is not misleading on account of its reference to the subconscious mind or its use of the phrase, "consciously or subconsciously." In other instructions the jury were told that it must be shown that Broman parted with his money, and the defendant received it, by means of the false pretenses, and, that in order for a pretense to be an inducing cause of the paying of money it is necessary that it be shown that the money would not have been paid if such pretense had not been made, and had not been believed and relied upon. The jury was told that all instructions must be taken, considered and read together. There was no prejudicial error in the giving of instruction 7, when viewed with reference to the objection now made to it.

The plaintiff in error also complains of instruction numbered 7 upon the ground that it "fails to state the law with reference to the intent on the part of the accused persons" in cases of this kind.

The instruction, among other things, states:

"nor is it requisite that the person charged * * * should have intended and designed by such pretense, at the time of making * * * the same to obtain the money * * * from

the person whom it is afterward obtained by reason thereof, provided that the person so making * * * such pretense upon the subsequent occasion of obtaining the money * * * from the person to whom it had so before been made * * * designed or intended at the time of the obtaining of the money * * * to take advantage of the previously made and manifested false pretense, knowing that the same was adapted or likely to induce the other to part with the money * * * and failing to make known the truth in relation to such pretenses."

The statute defining the offense of obtaining property by false pretenses provides that, if any person shall knowingly and designedly, by false pretenses, obtain from another person, any money or other property, with intent to cheat or defraud such person of the same, he shall be guilty of the offense. There is no doubt that it is the obtaining the money by means of false pretenses, with intent to cheat or defraud the person from whom it is obtained, that constitutes the gist of the offense. *Shemwell v. People,* 62 Colo. 146, 161 Pac. 157, 161. The intent to defraud must exist at the time when the property is obtained. 19 Cyc. 416. The instruction given is in accord with this rule, but the instruction is complained of because it assumes that the intent to defraud need not exist "at the time of making" the false pretenses. That, however, does not render the instruction defective.

"The false pretense need not originally have been made for the purpose of defrauding, however. If it is reiterated for that purpose, it is sufficient. *Reg. v. Hamilton,* 1 Cox C. C. 244." 19 Cyc. 416, note 65.

The instruction complies with this last mentioned rule, since it requires that the prosecution show that the accused "designed or intended at the time of obtaining of the money to take advantage of the previously made and manifested false pretense."

The testimony shows that during October, 1913, the complaining witness talked with the defendant almost every day for many days, "and almost invariably the conversation

led to the nature of the business engaged in, the success of the treatment, the financial success of the business, the conversation would lead up to that one thing."

Apparently after Broman became impressed with a belief in the truth of the defendant's representations, and while still being deceived thereby, the defendant came to his office and "pulled out the stock certificates." It was then that the stock was transferred, and the defendant obtained the money. Neither at that time, nor at any other time, did the defendant retract or change the pretenses or statements theretofore made by him, but allowed them to remain within the knowledge of Broman, as they were originally stated. We deem such conduct on the part of the defendant to be an implied representation that the facts still existed as theretofore stated, and equivalent to a reiteration or renewal of the pretenses previously made. The instruction given was applicable to the evidence, and was not erroneous.

The fourth assignment of error relates to the giving of instruction numbered 10, and the fifth assignment of error is predicated upon the following portion of instruction 10:

"If you believe from the evidence that a witness has knowingly, wilfully and corruptly testified falsely to any fact material to any issue in this case, you should disregard such false testimony, and should give any other testimony of that witness such weight, or no weight, according as you deem it to be credible in view of all the evidence, and particularly of any deemed by you to be credible evidence, that may tend to corroborate it in whole or part."

It is only this above quoted portion of instruction 10 which is argued and criticised in the brief of plaintiff in error, and the remainder of the instruction therefore need not be considered. It is claimed that the instruction is erroneous on account of the use of the word *"should."* It requires no argument to show that defendant could not have been prejudiced by instructing the jury that they *"should"* disregard testimony which was *false* and given

when the witness "knowingly, wilfully and corruptly testified falsely." As to the use of the word "should" with reference to the "other testimony," such use did not make the instruction erroneous. The jury were not told that they should disregard such other testimony, but rather were instructed, in effect, to give such testimony the consideration due it, in view of all the evidence and particularly of corroborating testimony.

Error is assigned to the giving of instruction numbered 5, which reads as follows:

"In order to constitute a false pretense within the meaning of the statute, the pretense need not be such as will impose upon a person of ordinary prudence or such as cannot be guarded against but by that caution or common prudence; but any pretense which deceives the person designed to be deceived thereby is sufficient, although it would not deceive a person of ordinary prudence, or would not deceive some other person or persons under the like circumstances."

The instruction as given, correctly states the law on the point covered. *Miller v. People*, 22 Colo. 530, 45 Pac. 408. The plaintiff in error contends that the trial court erred "in refusing to modify the said instruction by submitting to the jury the rule that in determining whether the representations complained of were calculated to deceive Broman, the jury should take into consideration the intelligence and ability of the witness Broman."

Submitting to the jury the rule mentioned in this contention would not "modify" the instruction given, but would merely add a further proposition of law which is not inconsistent with anything contained in the instruction as given. No instruction was offered by the defendant at the trial with reference to this rule. Mere non-direction by the trial court affords no ground for reversal, where a proper instruction covering the point omitted was not requested and refused. *West v. People*, 60 Colo. 488, 491, 156 Pac. 137, and cases cited; 12 Cyc. 658.

We find no error appearing in the record. The judgment is affirmed.

*Affirmed.*

Decision *en banc.*

Decided January 7, A. D., 1918.    Rehearing denied March 4, A. D., 1918.