**UNITED STATES, Appellee,**

v.

**Specialist Four Cordia J. WATKINS, 308–80–6130, United States Army, Appellant.**

**ACMR 8903707.**

U.S. Army Court of Military Review.

31 Dec. 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Captain Randy V. Cargill, JAGC, Captain Kenneth H. Goetzke, Jr., JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with her pleas, the appellant was convicted by special court-martial composed of a military judge sitting alone of wrongfully appropriating $2,288.95 in currency from the United States and two absences without authority in violation of Articles 121 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 886, respectively. Her sentence, as approved by the convening authority, includes a bad-conduct discharge, confinement for thirty-two days, forfeiture of $466.00 pay per month for two months and reduction to Private E1.

Although the appellant neither personally nor in the pleadings asserted the matter as error, we find her plea of guilty to the charge of wrongful appropriation improvident. Specifically, we find that the matters contained in her responses during the plea inquiry and in the substance of a stipulation of fact admitted at the time of trial are inconsistent with guilt. Article 45, UCMJ, 10 U.S.C. § 845.

The evidence elicited during the providence hearing indicated that the appellant was residing in civilian housing and was receiving an allowance for quarters (BAQ). Normally servicemembers who do not reside in government housing are entitled to receive BAQ. In December 1988, the appellant moved into government housing on a nearby Air Force base and thereby became ineligible for BAQ. Nevertheless, because of oversight or inaction by officials at the base housing office or Army Finance Office, she continued to receive BAQ. In February 1989, her first sergeant noticed that appellant's monthly leave and earnings statement indicated she was still being paid BAQ. He advised her the government would ultimately collect the money and she should set funds aside for that event. The appellant told him that she had informed the housing office to notify the finance office to stop the BAQ payment. In March 1989, the first sergeant again noticed that the appellant was still receiving BAQ and inquired if she had attempted to stop the payments. The appellant again told him she had asked the housing office to stop the payment. However, the BAQ payments did not stop until September 1989 and appellant did not submit additional stop payment requests. The military judge found the appellant guilty after she stated that she "should have went back [to the housing office] every month because I knew it wasn't my money and it was the government's money and I should have stopped it."

The evidence contained in the foregoing summary does not establish a sufficient factual and legal basis for a plea

of guilty to wrongful appropriation. The government proceeded on the theory that the appellant wrongfully withheld BAQ. To be wrongful, the withholding must be without the consent of the owner (the government) and with a concomitant criminal intent on the part of the accused to deprive that owner of the use and benefit of the property. Manual for Courts-Martial, United States, 1984, Part IV, para. 46(c)(1)(d) and (f). The information elicited during the providence inquiry implies that the appellant came into the funds legitimately when agents of the government failed to terminate her BAQ after she accepted government quarters. Furthermore the government's failure to collect the funds at a subsequent date may have been the result of administrative inaction after the appellant had purportedly informed the housing office to initiate the necessary paperwork. These circumstances are inconsistent with the conclusion that the appellant withheld BAQ without the consent of the government or with intent to steal. Rather, they tend to establish that she failed to repay moneys owed to the government because of the failure of government officials to take collection action after appellant notified them to do so. *See United States v. Mervine*, 26 M.J. 482 (C.M.A. 1988). In the absence of a fiduciary duty to account, a withholding of funds otherwise lawfully obtained is not larcenous. *United States v. Ford*, 30 C.M.R. 3 (C.M.A. 1960); *United States v. McFarland*, 23 C.M.R. 266 (C.M.A.1957); *United States v. Johnson*, 30 M.J. 930 (A.C.M.R.1990).

 The providence inquiry also reveals that the military judge accepted appellant's guilty plea after determining that she did not inform government officials each time her monthly pay statement indicated she had been paid BAQ. Indeed, the appellant's willingness to admit guilt was expressly predicated on her belief that she had some legal duty to inform the housing office to stop the payments each time she received her pay statement. However, appellant's willingness to admit guilt cannot make an otherwise defective plea provident. We have found no cases which hold that individuals who fail to inform military authorities of an overpayment of pay or allowances are criminally liable to prosecution under Article 121, UCMJ. We doubt that there is such a duty to account where the overpayment is not fraudulently induced by the recipient. *See United States v. Castillo*, 18 M.J. 590 (N.M.C.M.R.1984). We need not determine if that occurred here. The appellant's statement that she reported the overpayments to the housing office on two occasions is inconsistent with *mens rea* and warrants rejection of her plea.

We have considered the matters raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) and find them without merit.

The findings of guilty of Specification 2, Charge II and Charge II are set aside and, in the interest of judicial economy, those charges are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for thirty-two days, forfeiture of $466.00 pay per month for one month and reduction to the grade of Private E1.

Senior Judge JOHNSON and Judge GRAVELLE concur.