**UNITED STATES**

v.

**Sergeant Antoine P. BLACKSHIRE, FR 572–13–8705, United States Air Force.**

**ACM 28780.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 June 1990.

Decided 14 March 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens; Major Ronald G. Morgan and Major Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.; Lieutenant Colonel Brenda J. Hollis; Captain James C. Sinwell and Major Scott W. Stucky, USAFR.

Before MURDOCK, KASTL, O'HAIR and MILLS, Appellate Military Judges.

### OPINION OF THE COURT

KASTL, Senior Judge:

In January 1987, Sergeant Blackshire was living off-base in Okinawa with his wife and child. He received an Overseas Housing Allowance (OHA) to help cover living expenses. By April 1987, friction developed in the family. Mrs. Blackshire elected to return to the United States with her baby, and the sergeant moved back on base. At this juncture, he was no longer entitled to the OHA. In May 1987, the couple divorced.

The guilty plea inquiry and a stipulation of fact indicate that Sergeant Blackshire advised Accounting and Finance officials soon thereafter of his divorce. However, he continued to receive OHA. After about 45 days, he again visited Finance and explained the situation. After another month, he apparently returned a third time to Finance and filled out paperwork correctly reflecting his new status. He made no other attempts to correct this error over the next two years. During this period he received over $12,000.00 in unauthorized allowances.

#### Accepting OHA

Is Blackshire criminally liable for accepting these allowances?

Upon the facts and circumstances of this particular case, we say no. We find an insufficient factual basis to support Blackshire's guilty pleas to wrongful appropriation concerning these sums. We therefore find his guilty pleas improvident and reverse as to this offense. Article 45, UCMJ, 10 U.S.C.A. § 845. We will affirm the remaining findings, as to making a false statement in violation of Article 107, UCMJ, 10 U.S.C.A. § 907.

■ The guilty plea inquiry fell short of clarifying whether Blackshire visited Finance once, twice, or three times. Regardless of the number of visits, we fail to find a sufficient factual and legal basis to establish provident pleas of guilty to wrongful appropriation. *See United States v. Watkins*, 32 M.J. 527 (A.C.M.R.1990); *United States v. Johnson*, 30 M.J. 930, 941 (A.C.M.R.1990); *United States v. Castillo*, 18 M.J. 590, 593 (N.M.C.M.R.1984).

During the first months of Blackshire's financial windfall, we discern no intent to commit wrongful appropriation. The facts at trial suggest to the contrary—Blackshire came into the funds legitimately at first; he then seemingly did his best to change his entitlements. At trial and in the guilty plea inquiry, we find nothing to persuade us that he possessed the requisite criminal intent—the *animus furandi*. *See* 50 Am.Jur. *Larceny* Sec. 26 (1970); 52A C.J.S. *Larceny* Sec. 29 (1968); *Sapp v. State*, 157 Fla. 605, 26 So.2d 646 (1946) (extensive cites); *Cooper v. Kentucky*, 110 Ky. 123, 60 S.W. 938 (Ky.1901) (review of early English and American cases); *see also* Clark and Marshall Crimes (6th ed. 1958) 746–747, 751–752.

■ Was Blackshire's acceptance of later payments criminal? The issue is closer; one might argue each payment was a separate offense and that each later taking suggests a larcenous intent. We reject that theory. A permissible act does not ripen into an illegal one by the passage of time. Some authorities even say that a subsequent "evil mind" or criminal intent will not criminalize originally innocent conduct. *See* 50 Am.Jur. *Larceny* Sec. 26; Clark at 751.

The appellant's willingness to admit his guilt appears predicated on his belief that he had some legal duty to inform Finance to stop the payments each time he received a paycheck. Like the Army Court in *Watkins*, we have found no cases which hold that individuals who fail to inform military authorities of an overpayment are criminally liable under Article 121, UCMJ, 10 U.S.C. § 921. *See United States v. Watkins*, 32 M.J. at 529; *Castillo*, 18 M.J. at 593; *United States v. Lally*, 54 B.R. 151 (1945); *see also United States v. Roark*, 12 U.S.C.M.A. 477, 31 C.M.R. 64 (1961); *United States v. Chaney*, 9 U.S.C.M.A. 289, 26 C.M.R. 69 (1958); *United States v. Parker*, 28 C.M.R. 785 (A.F.C.M.R.1959). We find a *dearth* of usable precedents in Federal or state jurisdictions.

### Recertification in 1989

■ After two years of receiving extra allowances, the appellant was asked to complete Air Force Form 987, a recertification of pay, in March 1989. At that time, Blackshire created a false record by saying that he had not occupied government quarters in the prior two years.

We have no hesitation of finding him guilty of this offense.

The other assignment of error is resolved adversely to the appellant. *United States v. Clark*, 11 M.J. 179 (C.M.A.1981); *see generally* DA Pam 27–173, *Trial Procedure*, Ch. 16 (20 April 1990).

### Sentence

The findings of guilty as to Charge I and its specification are set aside and—in the interest of judicial economy—are dismissed. The findings of guilty of Charge II and its specification are affirmed.

Blackshire's approved sentence is a bad conduct discharge, confinement for nine months, total forfeitures, and reduction to airman basic. We will reassess based on the remaining findings of guilty. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We find appropriate only so much of the sentence as extends to a bad conduct

discharge, confinement for four months, total forfeitures for four months, and reduction to airman basic.

The remaining findings of guilty and the sentence, both as modified, are

AFFIRMED.

Senior Judges MURDOCK and O'HAIR and Judge MILLS concur.

Judge KASTL authored this decision prior to his retirement.