## UNITED STATES

v.

Sergeant Mark DEAN, FR182–62–7593, United States Air Force.

ACM 28805.

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 June 1990.

Decided 23 May 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens and Major Ronald G. Morgan.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, and Major Jeffrey C. Lindquist.

Before LEONARD, JAMES and RIVES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

We have granted appellant's request that we reconsider his case. Our original decision[1] granted no relief and affirmed appellant's findings of guilt and sentence.

In his request for reconsideration, appellant claims that, since we decided his case, we have issued two opinions which appear to conflict with our decision in his case. *See United States v. Blackshire,* 33 M.J. 501 (A.F.C.M.R.1991); *United States v. Antonelli,* ACM 28856, 1991 WL 85311 (A.F.C.M.R. 19 April 1991). He also claims that our opinion conflicts with *United States v. Watkins,* 32 M.J. 527 (A.C.M. R.1990) and *United States v. Castillo,* 18 M.J. 590 (N.M.C.M.R.1984). Upon reconsideration, we grant appellant relief by setting aside both of his larceny convictions.

1. *United States v. Dean,* ACM 28805, 1990 WL

*Issue*

The issue in appellant's case is whether his pleas of guilty to stealing basic allowance for quarters (BAQ) and basic allowance for subsistence (BAS) were improvident under the wrongful withholding theory of larceny. Appellant argues that he cannot be guilty of wrongfully withholding BAQ or BAS because he and the Air Force are not in a fiduciary relationship. In support of this proposition he relies on *Watkins,* 32 M.J. at 529 and *Castillo,* 18 M.J. at 595. We agree.

*Facts*

Appellant was charged with and convicted of two specifications of larceny. One offense charged stealing over $100.00 of BAQ from 20 October 1988 to 28 February 1990. The other offense charged stealing over $100.00 of BAS during the same period. He was sentenced to a bad conduct discharge, confinement for 8 months, forfeiture of all pay and allowances, and reduction to airman basic.

Upon his arrival at Holloman Air Force Base, New Mexico, appellant was given a room in the dormitory and a meal card for meals at the enlisted dining facility. In April 1987, he moved off-base and received BAQ and BAS. On 20 October 1988, he was directed to move back into the dormitory, was assigned a room and given another meal card. Although he was no longer entitled to either allowance, no action was taken to terminate his receipt of BAS or BAQ. The record does not show whether appellant's processing for the dormitory room and meal card should have included some action to terminate the allowances or whether appellant had a duty to do that separately. From 20 October 1988 until 28 February 1990, he continued to receive both BAS and BAQ while residing in the dormitory and possessing a meal card.

During his providency inquiry, appellant admitted that he knew he was being overpaid and that he was not entitled to either allowance while he was living in the dormitory and using a meal card. He also admitted that he never tried to stop his receipt of

199938 (A.F.C.M.R. 21 November 1990).

either allowance. He further admitted he should have returned the overpayment of allowances to the Air Force. Appellant did not admit the use of any false pretense to obtain the overpayments or BAQ or BAS.

The stipulation of fact described the misconduct as larcenies by wrongful withholding of BAQ and BAS monies from the government. Trial counsel stated the government's theory of larceny was wrongful withholding, and he specifically denied any reliance on a theory of obtaining by false pretenses. The military judge agreed and used the elements and explanation for wrongful withholding to explain the offenses to appellant and inquire into the factual basis for his pleas.

### Military Law of Larceny

The basis of appellant's argument lies in the antecedents of the various larceny theories included in Article 121, UCMJ, 10 U.S.C. § 921. Therefore, to resolve the issue, we must trace the origin of these larceny theories.

Article 121, UCMJ combined the offenses of common law larceny, embezzlement, and obtaining property by false pretenses into one offense of larceny. *United States v. McFarland*, 8 U.S.C.M.A. 42, 23 C.M.R. 266 (1957); *United States v. Buck*, 3 U.S.C.M.A. 341, 12 C.M.R. 97 (1953); MCM, Part IV, paragraph 46c(1)(a) (1984). The purpose of the consolidation was to eliminate technical distinctions previously involved in drafting specifications to allege the different larceny offenses. INDEX AND LEGISLATIVE HISTORY: UNIFORM CODE OF MILITARY JUSTICE, at 1232 and 1244; LEGAL AND LEGISLATIVE BASIS MANUAL FOR COURTS–MARTIAL 1951, 273, 274.

■ The consolidation of embezzlement, common law larceny, and obtaining property by false pretenses into one statutory provision did not enlarge the scope of the crime of larceny beyond the offenses covered by the separate theories before they were combined. *McFarland*, 23 C.M.R. at 271; *Buck*, 12 C.M.R. at 99; *United States v. Aldridge*, 2 U.S.C.M.A. 330, 8 C.M.R. 130 (1953). Consequently, conduct which was not proscribed by common law larceny, larceny by false pretenses, or embezzlement is not punishable under Article 121. *United States v. Mervine*, 26 M.J. 482, 483 (C.M.A.1988); *McFarland*, 23 C.M.R. at 271; *United States v. Sicley*, 6 U.S.C.M.A. 402, 410 n. 1, 20 C.M.R. 118, 126 n. 1 (1955); *Buck*, 12 C.M.R. at 99; *United States v. McCanless*, 29 M.J. 985 (A.F.C.M.R.1990); *United States v. Tenney*, 15 M.J. 779, 782 (A.C.M.R.1983).

### Wrongful Taking

■ Larceny by wrongful taking comes from the common law offense of larceny. *McFarland*, 23 C.M.R. at 269; *Buck*, 12 C.M.R. at 99, 101; MCM, Part IV, paragraph 46c(1)(a) (1984); MCM, paragraph 200a(1) (1951). Under common law, larceny required that property be taken by a trespass; i.e., against the will or without the consent of the owner. *Buck*, 12 C.M.R. at 101; *Tenney*, 15 M.J. at 781; WHARTON'S CRIMINAL LAW AND PROCEDURE sec. 464 (1957). Although the common law concept of trespass is no longer used, present military law still requires a larceny by wrongful taking to occur without the consent of the owner of the property. *Buck*, 12 C.M.R. at 101; *Castillo*, 18 M.J. at 595; *Tenney*, 15 M.J. at 782; MCM, Part IV, paragraph 46c(1)(d) (1984).

### Wrongful Withholding

Larceny by wrongfully withholding property of another originates in the offense of embezzlement. *McFarland*, 23 C.M.R. at 270; *Castillo*, 18 M.J. at 595–596; MCM paragraph 200a(1) (1951); MCM Part IV, paragraph 46a(1) (1984). Before 1951, the 93rd and 94th Articles of War proscribed the offenses of common law larceny and statutory embezzlement. Until 1949, these offenses were set forth separately in both Articles and in the Manual provisions.[2]

---

2. Article 93 covered larceny or embezzlement of property other than that of the United States. Article 94 covered larceny or embezzlement of

property of the United States. Prior amendments to both articles had eliminated the technical distinction between alleging larceny and em-

*See* MCM, U.S. Army, paragraphs 443VII and 443VIII (1921); MCM, U.S. Army, paragraphs 149g and 149h (1928); MCM, U.S. Air Forces, paragraph 180g (1949).

The crime of embezzlement occurred when a person misappropriated to his own use property initially entrusted to him because of a contractual arrangement, or an employment, custodial, or bailment relationship with the owner. *Moore v. United States,* 160 U.S. 268, 269–270, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895); *United States v. Whitlock,* 663 F.2d 1094, 1098 (D.C.Cir. 1980); MCM, U.S. Army, paragraph 443VIII (1921); MCM, U.S. Army, paragraph 149h (1928). Embezzlement differed from common law larceny in that the original taking of the property was lawful and with the consent of the owner. *Id.* As the gist of the offense was a breach of trust, the crime required some type of fiduciary relationship between the owner and the withholder, and that the withholder acquired the property by virtue of the relationship. *Moore,* 160 U.S. at 269, 16 S.Ct. at 295; *Whitlock,* 663 F.2d at 1098; INDEX AND LEGISLATIVE HISTORY: UCMJ, at 1245.

■ Current Manual provisions explaining larceny by wrongfully withholding closely follow the concept of embezzlement. To commit a larceny by wrongfully withholding property requires a failure to return, account for, or deliver property to its owner when a return, accounting, or delivery is due, or the devotion of the property to a use not authorized by its owner. MCM, Part IV, paragraph 46c(1)(b) and (f)(i) (1984). Acts constituting unlawfully receiving, buying, or concealing stolen property are not included within the meaning of "withholds." MCM, Part IV, paragraph 46c(1)(b) (1984).

■ Additionally, the offense of larceny by wrongful withholding still requires criminal conduct originally covered by the crime of embezzlement. *United States v. Hubbard,* 28 M.J. 203 (C.M.A.1989); *United States v. Leslie,* 13 M.J. 170, 171 (C.M.A.1982); *United States v. Ford,* 12 U.S.C.M.A. 3, 30 C.M.R. 3 (1960); *McFarland,* 23 C.M.R. at 270. The requirement for a fiduciary or custodial relationship remains. *Hubbard,* 28 M.J. at 205; *McFarland,* 23 C.M.R. at 270; *United States v. Watkins,* 32 M.J. 527, 529 (A.C.M.R.1990); *Castillo,* 18 M.J. at 597.

■ The requirement that a wrongful withholder come into possession of the property lawfully has been relaxed slightly.[3] The change accounts for cases when a person initially wrongfully takes property, but has a defense to larceny by wrongful taking. A subsequent conversion of the property to his own use can be a wrongful withholding. *United States v. O'Hara,* 14 U.S.C.M.A. 167, 33 C.M.R. 379 (1963) (Alternate custodian took property to teach the custodian a lesson and later decided to withhold it). However, with the rare exception provided in *O'Hara,* acquiring property unlawfully is larceny by wrongful taking or obtaining and not larceny by wrongfully withholding. *See United States v. Jones,* 13 U.S.C.M.A. 635, 33 C.M.R. 167, 170 (1963); *McFarland,* 23 C.M.R. at 270; *Watkins,* 32 M.J. at 529; *Castillo,* 18 M.J. at 595.

*Wrongful Obtaining by False Pretense*

Larceny by wrongfully obtaining property from another finds its basis in the offense of larceny by false pretenses. MCM, Part IV, paragraph 46c(1)(a) (1984); MCM, paragraph 200a(1) (1951); INDEX AND LEGISLATIVE HISTORY: UCMJ, at 1232, 1245; LEGAL AND LEGISLATIVE BASIS

bezzlement by providing that either offense would be described by "larceny" or "steals." Articles of War, 41 Stat. 787, *as amended by* Act of 24 June 1948, Pub.L. No. 80–759, 62 Stat. 627; L. Alyea, *Military Justice Under the 1948 Amended Articles of War,* 57 (1949).

**3.** The 1951 Manual for Courts–Martial provided that a withholding could arise "... even though initially the property had come lawfully into the

hands of the person thus withholding it." MCM, paragraph 200a(2) (1951). The 1969 Manual changed this provision to read "Generally, this is so whether the person withholding the property acquired it lawfully or unlawfully." MCM, paragraph 200a(2) (1969 Rev.) The same wording was carried over into the present Manual.

MANUAL FOR COURTS–MARTIAL 1951, at 274. Before combining larceny offenses into Article 121, UCMJ, the military charged false pretense offenses as conduct unbecoming an officer and gentleman or as a violation of the general article. MCM, U.S. Army, App. 4, paragraphs 120 and 150 (1928); MCM, U.S. Air Forces, App. 4, paragraphs 115 and 148 (1949). There was no discussion of this offense included in a manual for courts-martial before enactment of Article 121. Except for some references to charging insufficient funds checks as a false pretense larceny, the discussion of false pretense in the 1951 Manual for Courts–Martial is identical to the present explanation of this offense.[4] *Compare* MCM, paragraph 200a(5) (1951) *with* MCM, Part IV, paragraph 46c(1)(e) (1984).

█ Larceny by wrongfully obtaining property of another involves obtaining possession or acquiring title to property of another under false pretense. MCM, Part IV, paragraph 46c(1)(b) and (d). There is no requirement for wrongful obtaining of property to constitute a violation of any duty to return, account for or deliver the property. *Id.* As with wrongful withholding, the initial acquisition of the property may be with the consent of the owner. In a larceny by wrongful obtaining, the consent of the owner is not true consent because it was obtained by false pretenses. *Id.*

█ A false pretense may occur by an act, word, symbol, or token. MCM, Part IV, paragraph 46c(1)(e). A false pretense may be a false representation of past or existing fact. *Id.* The false pretense need not be the sole cause inducing the owner to part with the property, but it must be an effective and intentional cause of the obtaining. *Id.* To commit a crime of larceny, the false pretense must exist at the time the property is obtained. *United States v. Rhyns*, 31 M.J. 922, 926 (A.C.M.R.1990); MCM, Part IV, paragraph 46c(1)(e) (1984). If a military member falsely represents his entitlement to a military pay allowance or payment, he will have wrongfully obtained

that allowance or payment. *United States v. Sicley*, 6 U.S.C.M.A. 402, 20 C.M.R. 118, 126 (1955).

█ A false pretense may occur through silence or failure to correct a known misrepresentation. R. Perkins, PERKINS ON CRIMINAL LAW, at 311 (2d Ed., 1969). An individual who knows he is obtaining money by reason of a prior statement that now misrepresents a fact, and who receives that money with intent to take advantage of the other party's reliance upon the misrepresented fact wrongfully obtains the money. *Clarke v. People*, 64 Colo. 164, 171 P. 69 (1918); PERKINS at 311. His silence, with full knowledge of what is happening, is equivalent to a repetition of the statement at the very moment of acquisition of the money. PERKINS at 311.

### *Electing a Theory*

█ Enactment of Article 121, UCMJ, removed the requirement to allege a specific theory of larceny. *Sicley*, 20 C.M.R. at 124. However, for a successful prosecution of larceny, the government must still prove the accused wrongfully took, obtained, or withheld certain property. MCM, Part IV, paragraph 46b(1)(a) (1984). If the trial counsel chooses the wrong theory and the record does not contain sufficient evidence to prove beyond a reasonable doubt the essential elements of one of the theories of larceny, the evidence will be insufficient to sustain guilt as a matter of law. *United States v. Hart*, 25 M.J. 143 (C.M.A.1987); *Sicley*, 20 C.M.R. at 126; *United States v. Johnson*, 30 M.J. 930 (A.C.M.R.1990); Article 66(c), UCMJ, 10 U.S.C. § 866(c). If the accused pleaded guilty and the evidence introduced and the accused's guilty plea inquiry admissions are not adequate to establish the essential elements of larceny by wrongful taking, obtaining, or withholding, the plea will be improvident and must be set aside. *Blackshire*, at 502; *Watkins*, 32 M.J. at 529;

---

4. Prior to the enactment of Article 123a, UCMJ, 10 U.S.C. § 923a, insufficient funds check offenses could be charged as larceny by false pretenses. *See* MCM, paragraph 200a(5) (1951).

*Castillo*, 18 M.J. at 597; R.C.M. 910(c) and (e); MCM, Part IV, paragraph 46b (1984).

### Conclusion

■ It is clear that the receipt or obtaining of military pay or allowances in excess of a particular military member's entitlement is not larceny by wrongful withholding. We agree with our brethren in the Navy and the Army that the duty of a member of the armed forces to inform his service that he is receiving excess allowances or pay does not rise to the level of the fiduciary duty required for larceny by wrongful withholding.[5] *Watkins*, 32 M.J. at 529; *Castillo*, 18 M.J. at 595. Absent this fiduciary duty, a failure to return or report overpayment of pay or allowances does not constitute a larceny by wrongful withholding. *Sicley*, 20 C.M.R. at 125; *Blackshire*, at 502; *Watkins*, 32 M.J. at 529; *Castillo*, 18 M.J. at 596. The military member will be indebted to the government for the overpayment and is obligated to make repayment, but such a debtor relationship and a civil liability does not equate to larceny. *Mervine*, 26 M.J. at 483; *Watkins*, 32 M.J. at 529; *Johnson*, 30 M.J. at 939 n. 8; MCM, Part IV, paragraph 46c(1)(b) (1984). Even if the overpayment is due to a misrepresentation by the military member, a wrongful withholding does not result without the required fiduciary or custodial relationship. *Hubbard*, 28 M.J. at 205; *McFarland*, 23 C.M.R. at 270; *United States v. Watkins*, 32 M.J. 527, 529 (A.C.M.R.1990); *Castillo*, 18 M.J. at 597.

■ The criminal prosecution of larceny for receipt of excess pay or allowances should be based on the theory of wrongfully obtaining by false pretense. *See United States v. Smith*, 11 U.S.C.M.A. 321, 29 C.M.R. 137 (1960); *Sicley*, 20 C.M.R. at 126; *Watkins*, 32 M.J. at 529; *Rhyns*, 31 M.J. at 925; *Johnson*, 30 M.J. at 940; *United States v. Boling*, 46 C.M.R. 594 (A.C.M.R.1972); *United States v. Walbert*, 32 C.M.R. 945, 953 (A.F.B.R.1963), *aff'd on other grounds*, 14 U.S.C.M.A. 34, 33 C.M.R. 246 (1963); MCM, Part IV, paragraph 46c(1)(e) (1984); PERKINS at 311. Under wrongful obtaining, payments in excess of entitlement[6] are fraudulently induced by the false certification of the recipient. *Smith*, 29 C.M.R. at 142; *Watkins*, 32 M.J. at 529; *Johnson*, 30 M.J. at 940. Such a certification will serve as the false pretense that is the "effective and intentional cause of the obtaining." *Sicley*, 20 C.M.R. at 126; MCM, Part IV, paragraph 46c(1)(e) (1984).

Although more difficult, larceny by wrongfully obtaining may also be proven when a military member fails to correct a previous representation of status entitling him to additional allowances or pay. MCM, Part IV, paragraph 46c(1)(b), (d), and (e); PERKINS at 311. The difficulty arises in determining whether the military member had the required criminal intent at the time he obtained the overpayments. *Rhyns*, 31 M.J. at 926; *see also Sicley*, 20 C.M.R. at 127; *Blackshire*, at 502; *Watkins*, 32 M.J. at 529. If the member had forgotten he had made an earlier certification and that he was receiving additional pay or allowances because of it, the prior certification would be the effective, but not the intentional, cause of the obtaining. MCM, Part IV, paragraph 46c(1)(e); PERKINS, n. 93 at 311.

In the present case, the entire theory of the government's case was that appellant had stolen the BAQ and BAS monies by wrongfully withholding them. The mili-

---

5. A military member's failure to report a change in his status that affects his entitlement to military pay or allowances may amount to a dereliction of duty under Article 92, UCMJ, 10 U.S.C. § 892. *See Castillo*, 18 M.J. at 595.

6. Although it is not raised in this case due to the guilty plea, trial counsel should not overlook the need to prove lack of entitlement to the allowance or pay alleged to have been stolen. For example, the statutory entitlements to BAQ and BAS are 37 U.S.C. sections 403 and 402. Fur-

ther, the question of whether the entitlement applies to a particular fact situation may involve the interrelation of a number of statutes and implementing regulations. We rarely see in a record any proof of the lack of entitlement. Instead, the parties usually simply assume the paymaster is correct as to the criteria for the entitlement, the various rates of pay or allowance, and the dates during which the rates prevailed.

**512**

tary judge used this theory in conducting the guilty plea inquiry and appellant did not admit to any offense other than larceny by wrongful withholding. We find appellant's pleas to both specifications of larceny to be improvident. The findings of guilty to specifications 1 and 2 of the charge are set aside. A rehearing may be held.

Judges RIVES and JAMES concur.

UNITED STATES

v.