UNITED STATES

v.

**Senior Airman Ronald E. HARRISON, FR226–88–6326, United States Air Force.**

**ACM 29015.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 Sept. 1990.

Decided 13 June 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens and Captain Beverly B. Knott.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis and Captain James C. Sinwell.

Before O'BRIEN, PRATT and McLAUTHLIN, Appellate Military Judges.

OPINION OF THE COURT

O'BRIEN, Chief Judge:

The prosecution incorrectly charged two of appellant's fraudulent financial transactions as "wrongful withholding" of money which belonged to the United States, in violation of Article 121 of the Uniform Code of Military Justice, 10 U.S.C. § 921. As a result, we find his pleas of guilty to these two specifications to have been im-

provident, set aside those findings of guilty, and reassess the sentence.

Immediately before his departure on a mission to Europe and Africa, Senior Airman (then Sergeant) Harrison went to the base finance office to obtain an advance travel payment. Harrison was a crew member on a C–141 aircraft based at McGuire Air Force Base, New Jersey. Hoping to expedite the process, Harrison enlisted the aid of Sergeant Shaw, a friend who worked in the finance office. Shaw accomplished the paperwork and Harrison obtained a $2,000.00 advance payment. Shaw then told Harrison to meet him outside, where they made a deal. Harrison kept $750.00, and gave the balance to Shaw. In return, Harrison was to file a final voucher upon his return from the mission, not reflecting receipt of the advance payment.

When Harrison came back, he did just that. Submitting his voucher and failing to account for the $2,000.00 advance, he collected an additional $457.00 in travel pay. He should have declared the advance payment and paid back the resulting deficit of $1,543.00.

About a month later, he did the same thing: collected a $2,000.00 advance and then failed to account for the advance when he filed his final voucher. As a result, he was given an additional $176.00, instead of having to refund the $1,824.00 overpayment. These two transactions formed the basis of the two specifications of Charge I.[1]

The following month, he called his friend Sergeant Shaw and told him he needed money. Advised to "come on over," Harrison picked up a bogus voucher from Shaw, took it to the window, obtained $2,000.00, put $750.00 in his pocket, and turned over the balance to Shaw. This scheme is the basis of the false claim specification of Charge II.

Finally, Harrison is charged with committing adultery during December 1989

and January 1990 with the wife of a noncommissioned officer who was then on an unaccompanied assignment to Korea.

Harrison was sentenced by the court members to a bad conduct discharge, confinement for 30 months, total forfeitures, and reduction to the lowest enlisted pay grade. His confinement was reduced to 16 months pursuant to a pre-trial agreement. The findings of guilty of the two specifications of Charge I cannot stand because appellant's pleas of guilty to wrongful withholding of these advance payments were improvident.

■ The elements of the offense of larceny by wrongful withholding are:

1. That the appellant wrongfully withheld certain property from the possession of the owner or of any other person;

2. *That the property belonged to a certain person;*

3. That the property was of a certain value; and

4. That the withholding by the appellant was with the intent to permanently deprive or defraud another person of the use and benefit of the property, or permanently to appropriate the property for the use of the accused, of for any person other then the owner.

MCM, Part IV, paragraph 46b(1) (emphasis supplied).

On both occasions when Harrison obtained the $2,000.00 advance payment, he received the money lawfully. He could have invested it, loaned it, or given it away. At all times, he had title to the money. When he filed the final voucher and did not account for these advances, he made false claims and committed larcenies of the $457.00 he received the first time, and the $176.00 the second. He also owed a civil debt to the United States in the amount of the overpayment.

Harrison was not charged with making or presenting a false claim, (Art. 132, U.C. M.J., 10 U.S.C. § 932), false official state-

---

1. It appears that such large advances are permitted because crews often do not know not only the exact duration of an overseas mission but also all the stops along the way. It is not unusual for them to find themselves in civilian accommodations, sometimes in extremely high cost areas.

ment, (Art. 107, U.C.M.J., 10 U.S.C. § 907), or larceny (Art. 121, U.C.M.J., 10 U.S.C. § 921) of the money he received when he filed his final vouchers. He was only charged with "wrongful withholding" of the money he had lawfully received as advance payments. Unfortunately for the prosecution, this civil debt does not equate to a theft.[2] As the Army Court of Military Review recently observed:

> In the absence of a fiduciary duty to account, a withholding of funds otherwise lawfully obtained is not larcenous. *United States v. Ford*, 30 C.M.R. 3 (C.M.A.1960); *United States v. McFarland*, 23 C.M.R. 266 (C.M.A.1957); *United States v. Johnson*, 30 M.J. 930 (A.C.M.R. 1090).

*United States v. Watkins*, 32 M.J. 527 (A.C.M.R.1990).

To put it another way, before appellant can be convicted of larceny by wrongful withholding from the United States, it must be clear that title to the money belonged to the government at the time he allegedly failed to return it. Since title to the money in question was clearly the appellant's, his plea of guilty to the charge of wrongfully withholding that money was clearly improvident, and the findings of guilty must be set aside.[3] *United States v. Blackshire*, 33 M.J. 501 (A.F.C.M.R.1991); *United States v. Watkins, supra.* For an extensive and scholarly treatment of this whole subject by another panel of this Court, *see United States v. Dean*, 33 M.J. 505 (A.F. C.M.R.1991).

■ One additional matter warrants comment. Appellate defense counsel submitted this case on its "merits," i.e., without any specific assignments of error, but then in a footnote "noted" what they perceived to be a failure to follow the mandates of *United States v. Craig*, 28 M.J. 321 (C.M.A.1989); and *United States v. Foy*, 30 M.J. 664 (A.F.C.M.R.1990). Once a case is labeled as a "merits" case, the appellate government counsel are generally relieved of any obligation to respond.[4] If an error is to be raised by appellate defense counsel, it should be assigned as an error and appropriately briefed.[5] Government counsel will then, as a matter of course, be given their normal 30 days to reply.

Appellate government counsel alertly did respond to this pleading filed by counsel for the appellant. We concur with their position that the government sufficiently brought all of the clemency matters submitted by appellant to the attention of the convening authority in a timely manner. *United States v. Pelletier*, 31 M.J. 501 (A.F.C.M.R.1990).

■ Having set aside the findings of guilty of the two specifications of Charge I, and Charge I, we will also dismiss those specifications and that Charge and reassess the sentence based upon the remaining findings of guilty. Appellant stands convicted of presenting a false claim in the amount of $2,000.00 and adultery. The maximum punishment for these two offenses is dishonorable discharge, confinement for 10 years, total forfeitures, and reduction to E–1.

We are confident we can determine a sentence no greater than would have been adjudged absent the prejudicial error. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). Considering only evi-

---

**2.** Harrison could also have been charged with dereliction of duty, (Art. 92, U.C.M.J., 10 U.S.C. § 892), or dishonorable failure to pay a just debt, (Art. 134, U.C.M.J., 10 U.S.C. § 934).

**3.** We are unable to consider whether the offense of dishonorable failure to pay a just debt in violation of Article 134 of the UCMJ could be a lesser included offense, since that Article carries the additional requirement of proof that appellant's conduct was to the prejudice of good order and discipline, or was of such a nature so as to bring discredit upon the armed forces.

Since neither element was ever established (or even mentioned) in this guilty plea case, we are precluded from any resort to this offense on appeal. *United States v. Brown*, 18 M.J. 360 (C.M.A.1984); *United States v. Hendrix*, 21 U.S. C.M.A. 412, 45 C.M.R. 186 (C.M.A.1972).

**4.** Paragraph 5–6, Internal Rules of the Air Force Court of Military Review.

**5.** Rule 15, Rules of Practice and Procedure, Courts of Military Review.

dence properly before the trial court, we reassess appellant's sentence and approve only so much of the sentence which does not exceed, a bad conduct discharge, confinement for 15 months, total forfeitures and reduction to E–1. Considering the entire record of trial and all allied matters, including appellant's clemency submissions, we find this reassessed sentence to be appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings of guilty of Charges II and III, and their specifications, and the sentence as herein modified, are

AFFIRMED.

Senior Judge PRATT and Judge McLAUTHLIN concur.