UNITED STATES, Appellee

v

JOHN W. DAVIS, Seaman, U. S. Coast Guard, Appellant

13 USCMA 125, 32 CMR 125

*Lieutenant Commander Henry A. Davenport* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Alfred F. Bridgman, Jr.*

*Commander Ricardo A. Ratti* argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

Among other offenses, the accused was charged with one specification of wrongful appropriation of a motor vehicle and two specifications alleging, respectively, larceny of auto license tags and larceny of a motorcycle, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was acquitted of the wrongful appropriation charge, but convicted of both larcenies. He now contends that certain errors require reversal of his conviction for the theft of the motorcycle.

We turn first to consider whether, in view of the evidence, the law officer erred by instructing the court-martial as follows:

". . . The offense of larceny requires that the taking, obtaining, or withholding by the thief be accompanied by an intent permanently to deprive or defraud another of the use and benefit of property or permanently to appropriate the property to his own use or the use of any person other than the true owner. These intents are collectively called an intent to steal. *Although a person has acquired possession of property by a taking or obtaining which was not wrongful, or which was without the concurrence of an intent to steal, he nevertheless can commit a larceny of the property if after the taking or obtaining he forms an intent to steal it and wrongfully withholds it with that intent. . . . .* A taking or withholding of lost property by the finder is larceny if accompanied by an intent to steal and if a clue to the identity of the general or special owner, or through which such identity may be traced, is furnished by the character, location, or marking of the property, or by other circumstances."

At trial, the accused testified he obtained possession of the motorcycle from a man named Sully. Sully had asked him to repair some damage to the front end occasioned by a collision with an auto. Later, on closer inspection of the cycle, the accused noticed an insignia on the windshield which seemed vaguely familiar to him and led him to try "to place . . . [the cycle] with another man." When several days had passed during which he tried unsuccessfully to contact Sully, the accused "got worried." Finally, he "took it for granted that the bike might be stolen." However, he did not report the matter to the police. He thought he would "leave it up to . . . [Sully] and the owner to try to straighten it out." He unqualifiedly denied he took the motorcycle himself; and he denied "true knowledge" that Sully had taken it without the owner's permission.

In the context of the evidence that must be considered by the court-martial, even a correct statement of general rules of law may be misleading. United States v Weems, 3 USCMA 469, 13 CMR 25. Here, if the court-martial believed the accused's explanation of his possession of the motorcycle, it could not convict him of larceny. United States v Roberson, 12 USCMA 719, 31 CMR 305; United States v Welker, 8 USCMA 647, 25 CMR 151. Yet, the instructions permitted the court-martial to believe the accused, but nonetheless find him guilty of larceny because he

"wrongfully" withheld the motorcycle from the true owner after he "took it for granted" the vehicle was stolen. Cf. United States v Lane, 9 USCMA 369, 26 CMR 149. The Government concedes the instruction "may have been erroneous." It insists, however, that no prejudice to the accused resulted because the evidence, including pretrial admissions by the accused, overwhelmingly establish the accused's guilt. The evidence of guilt is indeed strong; but the accused's testimony is not incredible, or improbable as a matter of law; and it may not, therefore, be disregarded in assessing the legal accuracy of the instructions; United States v Roberson, supra; United States v Rodgers, 8 USCMA 664, 25 CMR 168; United States v Massey, 5 USCMA 514, 18 CMR 138. As we noted in the *Roberson* case, the strength of the prosecution's evidence does not justify disregard of an instructional error which has the effect of eliminating the accused's defense. Initially, the court-martial, not the law officer, or an appellate tribunal, must resolve controverted questions of fact and determine the accused's guilt or innocence.

The accused's second assignment of error was thoroughly and thoughtfully considered at a rehearing by the board of review. It concluded the assignment had no merit. Our holding on the instructional error makes it unnecessary to review accused's attack on the correctness of the board of review's determination of this issue.

The decision of the board of review as to specification 3, Charge II, is reversed and the findings of guilty of that specification are set aside. The sentence is also set aside. The record of trial is returned to the General Counsel, Department of the Treasury, for resubmission to the board of review. In its discretion, the board of review may dismiss specification 3, Charge II, and reassess the sentence on the basis of the remaining findings of guilty, or direct a rehearing on that charge and the sentence.

Judges FERGUSON and KILDAY concur.