UNITED STATES

v.

**Willie Edward MALONE, 412 17 1378, Seaman (E–3), U. S. Navy.**

**NMCM 82 1505.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 15 Oct. 1981.

Decided 6 July 1982.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Louis F. Sadler, JAGC, USNR, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and GORMLEY and BYRNE, JJ.

BYRNE, Judge:

Appellant, pursuant to his pleas, was found guilty of one specification of larceny of a Realistic CB Radio and a Realistic Pocket Police Scanner in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. He was tried by a special court-martial consisting of a military judge sitting alone and sentenced to be reduced to pay grade E–1, to be confined at hard labor for two months, to be discharged from the Navy with a bad-conduct discharge, and to forfeit $350 pay per month for two months. The convening authority approved the sentence, but, in accordance with a pretrial agreement, suspended the execution of the bad-conduct discharge. The supervisory authority approved the sentence as approved and partially suspended by the convening authority.

The issue in this case is:

WAS THE PERSONAL PROPERTY TAKEN BY APPELLANT ABANDONED, LOST, OR MISLAID?

Appellant, during his providence inquiry, stated he intended to visit a friend in Cubicle 310 of Barracks 1393 on the date of the incident. Appellant entered the lounge of the cubicle, knocked on the door of his friend's room, but received no response. He turned and observed a Realistic CB Radio and a Realistic Pocket Police Scanner lying "beside the couch in the lounge in a bag." Appellant picked up the bag and took it to his room. He then departed for work. After work, he pawned both items. Appellate defense counsel asserts that the personal property pawned by the appellant was "abandoned." Another argument could be that the items in question were "lost." The Government contends that the goods were "mislaid."

We conclude that the items in question were either mislaid or, at the time of taking, still within the victim's constructive, if not actual, possession and deem the appellant's plea of guilty to the larceny of the two items provident.

■ *Abandoned personal property* is that property which the owner has thrown away. In doing so, the owner relinquishes all right to, and possession of, the goods with no intent to reclaim them. 1 Am. Jur.2d, *Abandoned, Lost, and Unclaimed, Property*, § 1 (1962). Property which has been abandoned by the owner may be acquired by the first finder. Such a first finder is not a thief. *Id.* § 18.

■ *Lost personal property* is property which the owner has *involuntarily* parted with because of negligence, carelessness, or other nonvoluntary means (*e.g.*, theft). There is no intent to part with the ownership of such property. *Id.* § 2. Personal property is lost when "accidentally dropped in any public place, public thoroughfare, or street . . . . In short, property will not be considered to have been lost unless the circumstances are such that considering the place where and the conditions under which it is found, there is an inference that it was left there unintentionally." *Id.* § 3.

■ *Mislaid personal property* is property which the owner voluntarily and *intentionally* lays down in a place where he can again resort to it—then he forgets where he left it. *Id.* § 2. Further,

If the owner laid the property down in a public place, in a place of business, as in a private compartment of a safe-deposit company, or other place, and then forgets

that he has done so, and hence cannot find it ... it is not lost, but mislaid, property which is still in the constructive possession of the owner.

*Id.* § 3.

■ An individual who finds *mislaid* personal property, such as the radio and scanner in this case, has no right to its initial possession. *Id.* § 23. It is of utmost significance that a finder of mislaid property may be guilty of larceny even though there are *no* clues that would assist in locating the owner. 50 Am.Jur.2d. *Larceny* § 99 (1970). In the instant case, the occupants of the cubicle had a superior right of possession as against any finder except the true owner. 1 Am.Jur.2d *Op. cit.* § 23.

The finder of *lost* personal property is not in as precarious a position as the finder of *mislaid* personal property. Paragraph 200a (8) of the *Manual for Courts-Martial, 1969 (Rev.)* notes:

> A taking or withholding of *lost* property by the finder is larceny if accompanied by an intent to steal and if a *clue* to the identity of the general or special owner, or through which such identity may be traced, is furnished by the character, location, or marking of the property, or by other circumstances. (Emphasis supplied.)

■ The circumstances of this case warrant the conclusion that the radio and police scanner in the bag were *not* abandoned. The placing of the bag, with the radio and scanner therein, in a semi-private social area alongside a couch, in close proximity to living spaces, warrants the conclusion that this personal property was *not* lost.

The personal property may have been left by its owner next to the couch with an intent to later retrieve it. In such a case, although the owner has exposed the property to theft, he has not given up possession nor consented to the taking. C. Torcia, *Wharton's Criminal Law* § 354 (14th ed. 1980). *Cf.* Anderson, 2 *Wharton's Criminal Law and Procedure* § 465 (1957) and cases cited therein (for the proposition that property in the constructive, as well as actual, possession of the victim may be the subject of larceny).

We conclude that the radio and scanner were *either* mislaid personal property or property set down for later retrieval as they either had been intentionally placed alongside the couch and then temporarily forgotten *or* were left there with an intent to retrieve them. In *either* case, the accused had no right to claim them as his own. A remaining issue goes to appellant's *mens rea* when he took the property.

■■ If the appellant *believed* the property was abandoned, he would lack the requisite *mens rea* to be guilty of larceny. Torcia, *Id.* § 389; *United States v. Swords*, 35 CMR 889, 894–95 (ABR 1965). But the appellant, during the providence inquiry, acknowledged that he had no reason to believe he could take the scanner or the radio. The appellant also acknowledged, during a further providence inquiry, following his presentencing statement, that he knew he wasn't allowed to take the personal property and that he had no reason to believe that the owner had abandoned it. Consequently, unlike the appellant in *Swords, this* appellant had the requisite *mens rea.*

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge ABERNATHY and Judge GORMLEY concur.