**UNITED STATES, Appellee,**

v.

**Specialist Frank P. SANTULLI, III, 062–66–9259, United States Army, Appellant.**

**ACMR 8800773.**

U.S. Army Court of Military Review.

17 April 1989.

For Appellant: Major Kathleen A. VanderBoom, JAGC, Captain Gregory B. Upton, JAGC

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken,

JAGC, Captain Anne E. Ehrsam, JAGC (on brief).

Before DeFORD, KENNETT and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

### KENNETT, Judge:

Tried by a general court-martial composed of officer members, appellant was convicted, contrary to his pleas, of larceny of military property and wrongful sale of that property (two cameras and a camera lens, total value in excess of $100.00), in violation of Articles 121 and 108, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 921 and 908 (1982), respectively. He was sentenced to a bad-conduct discharge, confinement for three months, forfeiture of all pay and allowances, reduction to E–1, and a reprimand. The convening authority approved the sentence.

Appellant, personally and through counsel, asserts numerous errors, and the government concedes error with respect to two of these allegations. We will discuss those two issues.

### I

The defense requested, with respect to the larceny offense, an instruction on mistake of fact encompassing appellant's alleged belief that the property was abandoned. In his instructions, the military judge erroneously advised the court members that appellant's mistake of fact had to be both honest and reasonable. As larceny involves a specific intent element, *i.e.*, the intent permanently to deprive the owner [here, the United States government] of the use and benefit of the property,[1] and as abandoned property cannot be stolen as it has no owner,[2] appellant's mistake of fact needed only to be honest. Manual for Courts–Martial, United States, 1984 Rule for Courts–Martial [hereinafter R.C.M.]

916(j). The government concedes that the mistake-of-fact instruction was erroneous, but urges affirmance of the conviction under the harmless error analysis of *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), and *United States v. Mance*, 26 M.J. 244 (C.M.A.1988).

In *Rose*, the Supreme Court determined that the harmless error standard of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), applied to a jury instruction which erroneously shifted the burden of proof to the accused by presuming malice. The Court stated that "[w]hen a jury is instructed to presume malice from predicate facts, it still must find the existence of those facts beyond a reasonable doubt." *Rose v. Clark*, 478 U.S. at 580, 106 S.Ct. at 3107. Explaining the difference between the erroneous instruction in *Rose* and other instructional errors or omissions which could never be harmless because they, in essence, direct a verdict for the prosecution, the Court advised that "[b]ecause a presumption does not remove the issue of intent from the jury's consideration, it is distinguishable from other instructional errors that prevent a jury from considering an issue." *Rose v. Clark*, 478 U.S. at 580 n. 8, 106 S.Ct. at 3107 n. 8. In *Mance*, the Court of Military Appeals applied the *Rose* analysis and concluded:

> [W]hen a judge *omits entirely* any instruction on an element of the charged offense, this error may not be tested for harmlessness because, thereby, the court members are prevented from considering that element at all.... On the other hand, when a judge's instruction adequately identifies an element to be resolved by the members and adequately requires that the members find the necessary predicate facts beyond a reasonable doubt, then an *erroneous* instruction on that element may be tested for harmlessness.

*United States v. Mance*, 26 M.J. at 255–56 (emphasis in original).

---

1. Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M.1984], Part IV, para. 46b(1)(a), 46b(1)(d) & 46c(1)(c)(i)–(iv).

2. *United States v. Malone*, 14 M.J. 563, 564 (N.M.C.M.R.1982); *See United States v. Swords*, 35 C.M.R. 889, 894 (A.F.B.R.1965) ("Abandoned property is not the subject of larceny.").

In *United States v. Turner*, 27 M.J. 217 (C.M.A.1988), the Court of Military Appeals addressed a military judge's refusal to give a mistake-of-fact instruction when that instruction was required by the evidence. Citing *Rose*, the Court concluded that the instructional omission was legal error as it removed the issue of mistake-of-fact from the members' consideration, thereby "prejudicially depriv[ing] appellant of the core of his defense." *United States v. Turner*, 27 M.J. at 221. The Court's reasoning that this type of instructional error was not harmless is equivalent to the situations cited in *Rose*, 478 U.S. at 577–579, 106 S.Ct. at 3105–3107, wherein the trial process was aborted or denied altogether.

■ The issue here is whether the judge's erroneous instruction on mistake-of-fact can be tested for harmlessness under the *Rose/Mance* analysis or whether it cannot be so tested under the *Turner* rationale. We hold that the erroneous instruction here is akin to the erroneous instructions in *Rose* and *Mance* and can be tested for harmlessness. The judge's overall instructions adequately identified the issue, mistake-of-fact, to be resolved by the members and adequately required that they find the necessary predicate facts beyond a reasonable doubt. Thus, the erroneous instruction did not deprive appellant of the "core of his defense" nor abort or deny the trial process.

■ Testing for harmlessness, we find, first, overwhelming evidence of guilt. The government's theory of the larceny was that appellant, while on duty as the charge-of-quarters, entered the unit's photo lab and stole the property. The defense theory was that appellant, while on duty as the charge of quarters, found the property in a paper bag under an outside stairwell abutting one of the unit's buildings, and, believing the property to be abandoned and not recognizing it as military property, decided to pawn it in order to pay his automobile insurance premium. The government's rebuttal theory was that appellant wrongfully withheld found property fully realizing it was military property belonging to his unit's photo lab. The evidence conclusively established appellant's motive and opportunity, and that he was aware of the manner by which the unit identified its small, transportable property by either etching onto the property the letter "R" followed by a series of numbers or gluing onto the property a red label with the "R" number. Here, two items of the property in question had the "R" number clearly etched thereon, while the third had a sticky spot where the red label had been glued on with some variety of super adhesive glue. While pawning the property, appellant provided a false address and told the pawnshop owner that he had been given the items by his grandfather. Accordingly, under either government theory, appellant was guilty of larceny of military property. Under the facts of this case, we are convinced beyond a reasonable doubt that, if instructed the mistake-of-fact abandonment defense had only to be honest, the court members would not have been any less willing to find guilt. *See Mance*, 26 M.J. at 256. Thus, we find, second, that appellant was not prejudiced by the erroneous instruction and that, under the harmless error analysis of *Rose/Mance* and Article 59(a), UCMJ, 10 U.S.C. § 859(a), his conviction of larceny of military property may be affirmed.

## II

■ Appellant asserts that the announced findings of guilty of larceny failed to reflect the exception of the word "military" from the specification. The government concedes that the alleged "exception" was not announced on the record. We find that the government concession is inappropriate and we refuse to accept it.

Two typed findings worksheets, Appellate Exhibits VII and VIII, were marked for use by the court members. Appellate Exhibit VII reflects findings of guilty of all Charges and Specifications, which findings were announced by the president.[3] Appellate Exhibit VIII reads as follows:

---

3. Appellate Exhibit VII reflects that all possible findings except the one announced by the president have been lined out.

Of the Specification of Charge I: Guilty, except the word: Military [the word "Military" is handwritten] Of the excepted word: Not guilty. Of Charge I: Guilty.[4]

During the Article 39(a), UCMJ, session on findings instructions, Appellate Exhibit VII was shown to the judge and defense counsel, who noted for the judge that the exhibit included no language allowing for a finding by exceptions to the Specification of Charge I. The defense wanted the exhibit to include such language so that the court members could find appellant guilty of larceny of nonmilitary property.[5] The judge agreed with the defense request and asked that an additional findings worksheet reflecting only findings by exceptions be prepared. Following a brief recess, the court reconvened and the judge announced that, after reviewing Appellate Exhibit VIII, he had concluded that "only the word 'military' would be needed to be deducted from the Specification for a finding of the less serious offense of larceny of nonmilitary property." The government and the defense agreed with the judge's assessment, and the judge stated that Appellate Exhibit VIII would *"also* be utilized" by the members.

The judge instructed the members, *inter alia,* that a finding of guilty of the lesser included offense of larceny of nonmilitary property would require that the word "military" be deleted from the specification. He then told the members, "That has been worked out for you on the worksheet which I will discuss with you a little later." In advising the members on the use of the two findings worksheets provided "as an aid in finalizing your decision," the judge instructed as follows:

[O]n Appellate Exhibit VII, the first part there would be used if the accused were either convicted or acquitted of all of-

fenses, and then there's also a portion there that would be used if he were found guilty of one, but not the other— the second part. Also, on Appellate Exhibit Number VIII, that shows the announcement of a finding if you were to conclude that the accused was not guilty of larceny of military property, but just larceny of property. Denote there that in announcing that finding, you announce that by exception. That is, you except the word "military" from the specification, and Number VIII shows you how you would announce such a finding if that's the panel's conclusion.

When the members returned, the judge asked the trial counsel to bring him the *worksheet* for examination prior to announcement of the findings by the president. The record reflects that one worksheet was examined by the judge and then returned to the president, who announced, "Specialist Santulli, this court-martial finds you of all Charges and Specifications, guilty." This language was apparently read verbatim from Appellate Exhibit VII. No objection to the president's announcement of the findings was made by any other court member.

During the sentencing phase of trial, examination of the government and defense witnesses included questions advising them that appellant had been found guilty of larceny of *military* property. No member of the court intervened to advise the judge that the findings were other than those being represented to the witnesses.

We find, based upon the matters contained in the verbatim transcript and the appellate exhibits mentioned above, that the court members found appellant guilty as charged of larceny of *military* property. The court members were properly instructed on the use of the two findings worksheets and how to announce their findings.

4. Appellate Exhibit VIII reflects that, in two places, the word "words" has been amended to read "word" by a line striking out the letter "s." The same indecipherable initial is written over each of the stricken letters.

5. Larceny of *military* property of the value alleged subjected appellant to a maximum period of ten years confinement, whereas larceny of nonmilitary property of the same value subjected him to a maximum confinement of only five years.

We presume that they followed these instructions. Accordingly, we will affirm the conviction.[6]

The remaining assignments of error, including those personally asserted by appellant, have been considered by the court and are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge WERNER concur.

---

6. We conclude that the handwritten portions of Appellate Exhibit VIII, *i.e.*, the word "military" and the strikeovers of the letter "s" in the word "words," were made by the military judge after he examined that exhibit and before it was given to the president.