**UNITED STATES, Appellee,**

v.

**Private First Class Todd S. ALLISON, 527–93–4489, United States Army, Appellant.**

**ACMR 8900138.**

U.S. Army Court of Military Review.

22 Feb. 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain James Kevin Lovejoy, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of absence without leave, larceny (nine specifications), assault consummated by a battery, forgery (seven specifications), and breaking restriction (two specifications) in violation of Articles 86, 121, 128, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 928, 923, and 934 (1982), respectively [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved only twenty-two months of the adjudged confinement and the remainder of the sentence.

I

The appellant contends that his plea of guilty to larceny of six blank checks was

improvident because the military judge did not "resolve matters inconsistent with the plea." We find the following pertinent facts in this case from what the appellant testified to at the providence inquiry. The appellant found six blank checks along with the remainder of two full red boxes of checks near a trash dumpster. The checks were for an account of Staff Sergeant (SSG) C, who had departed on emergency leave and was not returning to the unit. As was the custom in the unit, the supply sergeant placed personal property of the departed soldier near the trash dumpsters when that property was not returned to the departee. The appellant took the checks with the intent of forging SSG C's name on them to obtain cash.

The accused's plea of guilty to this larceny must be rejected if he raised matters inconsistent with the plea that were not inquired into adequately and resolved. UCMJ art. 45; *see United States v. Byrd,* 24 M.J. 286, 293 (C.M.A.1987), *mandate issued,* 24 M.J. 465 (C.M.A.1987). The facts from the providence inquiry suggest the possible applicability of two recognized defenses. First, that the property allegedly stolen could have been abandoned which would preclude the offense of larceny, and second, the appellant could have had an honest mistake of fact that the property had been abandoned, which would negate the necessary intent for larceny. *See United States v. Santulli,* 28 M.J. 651, 652 n. 2 (A.C.M.R.1989) (abandoned personal property cannot be the subject of larceny). The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 916(j) discussion provides: "Examples of ignorance or mistake which need only exist in fact include ... [the] belief that property allegedly stolen belonged to the accused." Further, the discussion of Rule for Courts–Martial 916(1) states that: "a mistaken belief that the accused is entitled to take an item under property law" is a defense to larceny. Thus, if property is apparently abandoned, an honest belief that it was abandoned would preclude guilt.

Albeit succinctly, we find that the military judge extended the providence inquiry sufficiently to adequately raise and resolve the matters of abandonment and honest mistake of fact or law regarding that property. The colloquy of the military judge and appellant includes the following:

MJ: Okay, so you don't know whether [C] intended to get these checks back or dispose of them?

ACC: I imagine he would want them back.

MJ: Well, he didn't want you to have them?

ACC: No, Your Honor.

MJ: He didn't want anybody to have them that was going to take money out of his account. Do you believe that?

ACC: Yes, Your Honor.

. . . .

MJ: Okay, what do you think you should have done when you found the checks?

ACC: If I wasn't intending on doing what I knew I was going to do with them I believe I probably would have just left them alone. You know, I figured they were old checks because he was stationed here in Bamberg now and these were Riley, Kansas. I figured maybe they were old checks. I didn't really— I'm sure I probably would have just left them alone if I wasn't going to use them.

This case involves incipient abandonment amounting to either lost property with an obvious clue to the identity of the owner or, as we think, mislaid property. *See United States v. Malone,* 14 M.J. 563, 564 (N.M.C.M.R.1982) (mislaid property not abandoned). Assuming these checks were on their way to destruction, negligently placed there by one acting with apparent authority, they were still capable of use to defraud the sergeant whose name was on them. In fact, there was no authority to abandon them because such a personal effect should have been shipped to the member at government expense, per Army Regulation 700–84, Logistics: Issue and Sale of Personal Property, para. 12–15 (20 Sept. 1989), which implements 10 U.S.C. § 2575 (1982).

The appellant provided sufficient facts during the providence inquiry about the character of the property and the circumstances of its discovery to establish that

the property was not, in fact, abandoned yet, even though it was beside a trash dumpster, and that he did not honestly think that it was abandoned. *See id.* The providence inquiry satisfied beyond a reasonable doubt that the appellant understood that this was mislaid property.[1] Accordingly, further discussion of the larceny by the military judge was unnecessary.

## II

■ We find further that the appellant was overcharged. The additional language in the larceny charge for money stolen via use of the six stolen checks fairly embraced the forgery charge regarding those checks. *See United States v. Jones,* 23 M.J. 301 (C.M.A.1987), and the cases cited therein; *United States v. Newman,* 25 M.J. 604 (A.C.M.R.1987), *pet. denied,* 27 M.J. 9 (C.M.A.1988). This multiplicity was plain on the face of the specifications. The larceny charge fully incorporated the forgery charge. Accordingly, once the pleas were found provident, the military judge should have dismissed the specifications of the forgery charge. However, we are satisfied that a sentence at least as severe as the sentence approved in the present case would have been adjudged and approved despite this error. *United States v. Sales,* 22 M.J. 305, 309 (C.M.A.1986).

The findings of guilty of additional Charge IV and its Specifications are set aside and the Charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence based on the error noted and the entire record, the court affirms the sentence.

Senior Judge KUCERA and Judge GIUNTINI concur.

---

**1.** Even were we to assume this property was lost, the appellant would fare no better. "A taking ... of lost property by the finder is larceny if accompanied by an intent to steal and if a clue to the identity of the ... owner ... is furnished by the character, location, or marketing [sic] [marking] of the property, or by other circumstances." *See* Manual for Courts-Martial, United States, 1984, Part IV, para. 46c(1)(h)(i).