UNITED STATES

v.

**Airman Basic Thomas M. MEEKS,
FR259–35–3462, United
States Air Force.**

**ACM S28472.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Feb. 1991.

Decided 20 June 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel William T. Hoffman, Lieutenant Colonel Brenda J. Hollis, and Major Paul H. Blackwell, Jr.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

Appellant comes before us convicted of three larcenies and forgery of a check. He pleaded guilty to all four offenses and was sentenced by a military judge to a bad conduct discharge, confinement for 105 days, and forfeitures of $500.00 pay per month for 4 months. The issue raised in his appeal is the providency of his guilty plea to a larceny of lost or mislaid property. We find that plea improvident and set aside one of his convictions.

## FACTS

The alleged theft began in the dormitory laundry room. Appellant was doing his laundry and drinking a few beers. When he finished, he scooped up his clean clothes and took them to his room. When he began to sort the clothes to put them away, he discovered that he had an extra T-shirt. Not knowing the identity of the owner, he decided to keep it for himself rather than advertising or conducting a search for the owner. Later, he wore the shirt to a chapel function where a Sergeant Stickney confronted him and claimed the shirt was his. After they returned to the dormitory, appellant gave the shirt to Stickney.

During the providency inquiry for this offense, appellant insisted he took the shirt by mistake and was unaware he had taken it until he sorted his laundry. Faced with these facts, the military judge decided to treat the offense as a larceny by wrongful withholding. He repeated a previous explanation of the term "wrongful withholding" and directed his inquiry in that direction.[1] After the explanation, appellant admitted he wrongfully withheld the T-shirt in question. No inquiry was made into any other theory of larceny for this offense.

The military judge had earlier explained abandoned and lost property to appellant.[2] During the inquiry on the T-shirt, the military judge asked appellant whether the T-shirt was abandoned and the following exchange occurred:

MJ: Did you think it had been abandoned, lost or mislaid, as I defined those terms?

ACC: No, sir.

MJ: Did you think that it did belong to somebody?

ACC: Yes, sir.

## THE LAW

The law of larceny treats abandoned, lost, and mislaid property differently. Abandoned property is property that the owner has thrown away. The former owner has relinquished all right or title to, and possession of, the property with no intent to reclaim them. 1 Am.Jur.2d, *Abandoned, Lost, and Unclaimed Property* sec. 1 (1962); R. Perkins, *Perkins on Criminal Law* 250 (2d ed.1969). Property is "mislaid" when the owner voluntarily and intentionally leaves or puts the property in a certain place for a temporary purpose and then forgets where it was left or inadvertently leaves it behind. *Id.* Lost property is property that the owner has involuntarily parted with because of negligence, carelessness, or some other involuntary reason. 1 Am.Jur.2d, *Abandoned, Lost, and Unclaimed Property* sec. 2 (1962). There is no intent to part with ownership of lost property. Further, the circumstances of the place and the conditions under which it is found support the

1. The military judge's explanation was as follows:

A moment ago I defined the term "wrongful withholding." I said a withholding may arise as a result of a failure to return, account for or deliver property to its owner, when a return, accounting or delivery is due, even if the owner has made no demand for the property, or it may arise as a result of devoting property to a use not authorized by its owner. I also said that a withholding of property is wrongful if done without the owner's consent and with a criminal state of mind.

2. The military judge's explanation was as follows:

Abandoned property is property which the owner has thrown away. In doing so, the owner relinquishes all right to and possession of the property. Property which has been abandoned by the owner may be acquired by the first finder. Such a first finder is not a thief. If the taker believed the property to have been abandoned, this would be a defense to larceny. Lost property is property which the owner has involuntarily parted with because of negligence, carelessness or other involuntary means. There is no intent to part with ownership of the property. Personal property is lost when accidently dropped in any public place, public thoroughfare, public area. Property is not considered lost unless the circumstances are such that considering the place where and the conditions under which it is found bears an inference it was left there unintentionally. A taking or withholding of lost property is larceny if accompanied by an intent to steal and if a clue to the identity of the owner, or through which such identity may be traced, is furnished by the character, location, marking of the property, or by other circumstances.

inference it was left there unintentionally. *Id.* sec. 3.

■ A person who finds *abandoned* property is not a thief for he becomes the new owner of the property. *United States v. Allison*, 30 M.J. 546, 547 (A.C.M.R.1990); *United States v. Santulli*, 28 M.J. 651, 652 n. 2 (A.C.M.R.1989); 1 Am.Jur.2d, *Abandoned, Lost, and Unclaimed Property* sec. 18 (1962). Further, if the finder makes an honest mistake of fact that the property was abandoned, he would not have the necessary intent for larceny. *Allison*, 30 M.J. at 547; R.C.M. 916(j) Discussion.

■ A finder of *lost* property cannot be a thief unless he had both an intent to steal and a clue about the identity of the owner. *United States v. Davis*, 13 U.S.C. M.A. 125, 32 C.M.R. 125, 127 (1962); *United States v. Canaday*, 28 C.M.R. 831 (A.F. B.R.1959); MCM, Part IV, paragraph 46c(1)(h)(i) (1984). The clue need only provide a means by which the identity of the special or general owner may be traced through the character, location, or marking of the property. *United States v. Malone*, 14 M.J. 563, 565 (N.M.C.M.R.1982); MCM, Part IV, paragraph 46c(1)(h)(i) (1984). However, the circumstances of the finding must provide a reasonably immediate means of knowing or ascertaining the owner of the property. 50 Am.Jur.2d, *Larceny*, secs. 106–110 (1970). Specific statutes dealing with lost property may impose upon a finder the responsibility of posting notices or advertising to discover the true owner, but, without such a statute, there is no responsibility to search for or take other measures to discover the owner. *Id.*

■ The person who finds *mislaid* property has no right to possession of the property other than for the purpose of returning it to the owner. *Malone*, 14 M.J. at 565; 1 Am.Jur.2d, *Abandoned, Lost, and Unclaimed Property* sec. 23 (1962); Perkins, at 251. The finder of mislaid property may be guilty of larceny even if there are no clues that would identify the owner of the property. *Malone*, 14 M.J. at 565; 50 Am.Jur.2d, *Larceny* sec. 99 (1970).

■ Larceny of lost or mislaid property occurs by a wrongful taking of the property from the constructive possession of the owner. *Malone*, 14 M.J. at 565; C. Torcia, *Wharton's Criminal Law* sec. 354 (14th ed.1980); Perkins at 251; 50 Am. Jur.2d, *Larceny* sec. 99 (1970). For lost property, the intent to steal must exist at the point the finder finds and takes the property into his possession. *Canaday*, 28 C.M.R. at 833; *Malone*, 14 M.J. at 565; Perkins at 251, 252; Torcia, sec. 354; 50 Am.Jur.2d, *Larceny* secs. 101–104 (1970).

■ Larceny by wrongful withholding derives from the embezzlement theory of larceny and requires a fiduciary or custodial relationship between the victim and the thief. *United States v. Hubbard*, 28 M.J. 203 (C.M.A.1989); *United States v. McFarland*, 8 U.S.C.M.A. 42, 23 C.M.R. 266 (1957); *United States v. Dean*, 33 M.J. 505 (A.F.C.M.R.1991); *United States v. Watkins*, 32 M.J. 527, 529 (A.C.M.R.1990); *United States v. Castillo*, 18 M.J. 590, 597 (N.M.C.M.R.1984); Perkins at 251. This theory does not apply to finders of lost or mislaid property because there is no fiduciary relationship between the loser and the finder or any entrusting of the property to the finder. *Davis*, 32 C.M.R. at 127; *Malone*, 14 M.J. at 565; Perkins at 251; Torcia, sec. 354.

■ For a successful prosecution of larceny, the government must prove the accused wrongfully took, obtained, or withheld certain property. MCM, Part IV, paragraph 46b(1)(a) (1984). If the trial counsel chooses the wrong theory and the record does not contain enough evidence to prove beyond a reasonable doubt the essential elements of one of the theories of larceny, the evidence will be insufficient to sustain guilt as a matter of law. *United States v. Hart*, 25 M.J. 143 (C.M.A.1987); *United States v. Sicley*, 6 U.S.C.M.A. 402, 20 C.M.R. 118,126 (1955); *United States v. Johnson*, 30 M.J. 930 (A.C.M.R.1990); Article 66(c), UCMJ, 10 U.S.C. § 866(c). If the accused pleads guilty and the evidence introduced and the guilty plea inquiry admissions are not adequate to establish the essential elements of larceny by wrongful

taking, obtaining, or withholding, the plea will be improvident and must be set aside. *United States v. Blackshire*, 33 M.J. 501 (A.F.C.M.R.1991); *Watkins*, 32 M.J. at 529; *Castillo*, 18 M.J. at 597; R.C.M. 910(c) and (e); MCM, Part IV, paragraph 46b (1984).

## APPLICATION OF THE LAW

 The military judge's explanation of larceny and inquiry into the factual basis for theft of the T-shirt was not adequate for a provident plea to larceny. Although the military judge explained larceny of lost property to appellant, he did not properly relate it to the facts and circumstances of the alleged theft. The uncontested facts elicited from appellant showed the T-shirt had been either lost or mislaid. However, the military judge solicited an inconsistent admission from appellant that the T-shirt was not abandoned, lost, or mislaid. Without addressing the inconsistency, the military judge proceeded to treat the offense as a larceny by a wrongful withholding. He never returned to the concept of larceny of lost or mislaid property to determine if the facts of appellant's case satisfied the requirements for a larceny of such property.

The military judge's inquiry leaves us with a situation similar to that facing the appellate courts in *Canaday* and *Davis*. In those cases, the facts raised the issue of larceny of lost property, but the law officers' instructions did not properly explain the law of larceny of lost property. The appellate courts found that the court members were left with an incorrect impression that they could find the accused guilty under a general theory of wrongful withholding instead of properly determining whether there had been a larceny of lost property. *Davis*, 32 C.M.R. at 126–27; *Canaday*, 28 C.M.R. at 833.

In the case before us, it appears that the military judge is in the same position as the court members in *Davis* and *Canaday*. He found appellant guilty on a general theory of larceny by wrongful withholding instead of determining whether there had been a larceny of lost or mislaid property. The

available facts show that the T-shirt was either mislaid or lost and that it was most probably lost. There is no evidence Stickney intentionally left the shirt in the laundry room and then forgot where he had left it. Instead, the evidence supports the inference that he carelessly or negligently left it behind after doing his laundry or negligently allowed it to become intermingled with appellant's laundry. We find there was enough evidence that the T-shirt was lost property to have required the military judge to treat the offense as a larceny of lost property.

Assuming the shirt was lost, the facts and appellant's admissions were not sufficient to show guilt of a larceny of lost property. Larceny of lost property requires the finder to (1) have an intent to steal at the time he finds the property, and (2) have some clue by which he can, with reasonable immediacy, identify the owner. *Davis*, 32 C.M.R. at 127; *Canaday*, 28 C.M.R. at 833; MCM, Part IV, paragraph 46c(1)(h)(i) (1984); 50 Am.Jur.2d, *Larceny* secs. 106–110 (1970). Also, larceny of lost property occurs by a constructive wrongful taking of the property from the owner, not by a wrongful withholding. *Malone*, 14 M.J. at 565; Torcia, sec. 354; Perkins at 251; 50 Am.Jur.2d, *Larceny* sec. 99 (1970).

Appellant did not initially take the shirt with an intent to steal. It became mixed up in his laundry and he did not realize he had taken it until he returned to his room and sorted the laundry. Even if we were to determine that the taking occurred when he discovered the shirt, there was no evidence appellant had any clue that would have provided him a reasonable means to know or ascertain the identity of the owner with any reasonable immediacy. Further, as soon as the identity of the owner was determined, the shirt was returned. Finally, a wrongful withholding was not present because the property was not entrusted to appellant by the owner and there was no fiduciary relationship between appellant and the unknown owner.

## CONCLUSION

Appellant's plea of guilty to Charge I, Specification 3 is improvident. The finding

of guilt to this offense is set aside and the specification is dismissed.

Having set aside and dismissed one of appellant's findings of guilt, we must reassess the sentence or return the case for a rehearing on sentence. We are confident we can accurately determine the sentence that would have been adjudged by the military judge if appellant had only been convicted of the remaining offenses. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990). Considering only the evidence of the remaining offenses properly before the military judge at trial, we reassess appellant's sentence and approve only a sentence of a bad conduct discharge, confinement for 105 days, and forfeitures of $300.00 pay per month for 4 months. We further find this reassessed sentence to be appropriate. Article 66(c), UCMJ.

The findings and sentence, as modified, are correct in law and fact and are

AFFIRMED.

Judges RIVES and JAMES concur.