UNITED STATES

v.

**Airman First Class David J. WIEDER-
KEHR, FR040–64–7722, United
States Air Force.**

ACM 29101.

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 Nov. 1990.

Decided 11 July 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, and Major Morris D. Davis.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

If a person finds a lost credit card and decides at that time to convert it to his own use, has he stolen the card through a wrongful taking or a wrongful withholding? Appellant asserts the military judge chose the wrong theory of larceny and the facts of appellant's guilty plea inquiry do not support the chosen theory. He also asserts his sentence is inappropriately severe. We disagree with both claims.

### I

The offenses charged against appellant were larceny of the credit card, conspiracy to commit larceny with the credit card, and larceny by using the credit card. He pleaded guilty and was found guilty of all three offenses by the military judge. His approved sentence is a bad conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E–1.

### FACTS

During the guilty plea inquiry, the military judge explained the elements for larceny of the credit card as a larceny by wrongful taking. His explanation included defining the term "steal" as including actual or constructive taking away of another's personal property. Appellant admitted the military judge's explanation of the elements of larceny described his conduct in taking the credit card.

In his description of the offense to the military judge, appellant stated he found an unexpired VISA credit card on a public sidewalk outside a house where he had attended a party. The cardholder was a member of appellant's unit who worked in the same building as appellant. However, appellant claimed that he did not recognize the name at the time he found the card. He admitted he took the card from the sidewalk with the intent to keep it and use it as his own property and that he made no attempt to return the card to the owner. Appellant and his girlfriend, who was also a military member, used the card to make numerous purchases. Finally, a merchant confiscated the card because it had been reported as stolen.

### LARCENY OF LOST PROPERTY

Appellant maintains the military judge improperly explained the theft of the card as larceny by wrongful taking. His position is that he came into possession of the card "lawfully" by picking up a lost item and that if a theft occurred it was by a wrongful withholding. He also asserts the military judge's inquiry did not: (1) confirm appellant took the property from the possession of the owner, (2) ascertain appellant's intent at the time of the taking, or (3) determine that the card had some value. Appellant has incorrectly interpreted the law of larceny of lost property and has too narrowly construed his admissions to the military judge.

■ Property that is lost may still be the subject of a larceny. MCM, Part IV, paragraph 46c(1)(h)(i) (1984). Lost property is property that the owner has involuntarily parted with because of negligence, care-

lessness, or some other involuntary reason. 1 Am.Jur.2d, *Abandoned, Lost, and Unclaimed Property* sec. 2 (1962). There is no intent to part with ownership of lost property. Further, the circumstances of the place and the conditions under which it is found support the inference it was left there unintentionally. *Id.* sec. 3.

■ Mislaid property may also be stolen, but abandoned property may not. *United States v. Allison*, 30 M.J. 546, 547 (A.C.M.R.1990); *United States v. Santulli*, 28 M.J. 651, 652 n. 2 (A.C.M.R.1989); *United States v. Malone*, 14 M.J. 563, 565 (N.M. C.M.R.1982); 50 Am.Jur.2d, *Larceny* sec. 99 (1970). Property is "mislaid" when the owner voluntarily and intentionally leaves or puts the property in a certain place for a temporary purpose and then forgets where it was left or inadvertently leaves it behind. 1 Am.Jur.2d, *Abandoned, Lost, and Unclaimed Property* sec. 1 (1962); R. Perkins, *Perkins on Criminal Law* 250 (2d ed. 1969). Abandoned property is property the owner has thrown away. The former owner has relinquished all right or title to, and possession of the property with no intent to reclaim it. *Id.*

■ Contrary to appellant's position, a finder of *lost* property does not always come into possession of the property "lawfully." The finder of lost property will be a thief of the property if he had both an intent to steal and a clue about the identity of the owner at the time he finds the property and takes it into his possession. *United States v. Davis*, 13 U.S.C.M.A. 125, 32 C.M.R. 125, 127 (1962); *United States v. Canaday*, 28 C.M.R. 831 (A.F.B.R.1959); MCM, Part IV, paragraph 46c(1)(h)(i) (1984). The clue may be provided by the character, location, or marking of the property and need only provide a means by which the identity of the special or general owner may be traced. *United States v. Malone*, 14 M.J. 563, 565 (N.M.C.M.R.1982); MCM, Part IV, paragraph 46c(1)(h)(i) (1984). However, the circumstances of the finding must provide a reasonably immediate means of knowing or ascertaining the owner of the property. 50 Am.Jur.2d, *Larceny* secs. 106–110 (1970).

■ A larceny of lost or mislaid property occurs by a wrongful taking of the property from the constructive possession of the owner. *Malone*, 14 M.J. at 565; C. Torcia, *Wharton's Criminal Law* sec. 354 (14th ed. 1980); Perkins at 251; 50 Am. Jur.2d, *Larceny* sec. 99 (1970). Larceny by wrongful withholding is not applicable to thefts of lost or mislaid property. *Davis*, 32 C.M.R. at 127; *Malone*, 14 M.J. at 565; Perkins at 251; Torcia, sec. 354. It derives from the embezzlement theory of larceny and requires a prior entrusting of the property to the thief or a fiduciary or custodial relationship between the victim and the thief. *United States v. Hubbard*, 28 M.J. 203 (C.M.A.1989); *United States v. McFarland*, 8 U.S.C.M.A. 42, 23 C.M.R. 266 (1957); *United States v. Dean*, 32 M.J. 505 (A.F.C.M.R.1991); *United States v. Watkins*, 32 M.J. 527, 529 (A.C.M.R.1990); *United States v. Castillo*, 18 M.J. 590, 597 (N.M.C.M.R.1984); Perkins at 251.

## APPLICATION OF THE LAW

■ We find appellant's taking of the credit card was a larceny of lost property. The circumstances of appellant's finding of the card clearly indicate that the card was not abandoned or mislaid. The card was still valid and was ultimately reported as stolen by the owner. No evidence exists to support an inference that the owner had abandoned the card. Further, it is not reasonable to infer that the owner of an unexpired credit card would voluntarily and intentionally mislay the card on a public sidewalk for some purpose and then forget it.

■ Having determined the theft was a larceny of lost property, we further find the military judge properly applied the law of larceny to appellant's case. Although he did not specifically explain larceny of lost property to appellant, he correctly described the offense as a larceny by a wrongful taking and adequately explained that the taking could be actual or constructive.

Contrary to his assertions, appellant also providently pleaded guilty to the larceny of

the lost credit card. He agreed that the military judge's explanation of the offense correctly described his theft of the credit card. He admitted taking the card from the sidewalk under conditions establishing a constructive taking of lost property from its true owner. He admitted that, when he found the card, he intended to keep it and use it as his own property. Further, the imprinted name on the card provided a clue as to ownership and a reasonably immediate means of tracing the identity of the owner. Finally, he clearly agreed that the card itself was worth something or had some value.

## II

The second error asserted is that the approved sentence is too severe. We disagree. Although appellant's girlfriend apparently was responsible for most of the illegal charges made on the stolen credit card, appellant stole the card and decided to use it. He then conspired with his girl-friend to develop a system of using the card that would minimize their likelihood of being caught. Finally, between the two of them more than $4700.00 in illegal purchases were charged to the card. Considering the nature and circumstances of the offenses, appellant's prior record, and all other matters contained in his record of trial, we find his sentence appropriate.

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judges RIVES and JAMES concur.