UNITED STATES

v.

**Staff Sergeant Santiago T. RAPOLLA, FR545–27–7992 United States Air Force.**

**ACM 29157.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Jan. 1991.

Decided 2 July 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Major Ronald G. Morgan.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis and Major Morris D. Davis.

Before PRATT, CONNELLY, and STUCKY, Appellate Military Judges.

## OPINION OF THE COURT

STUCKY, Judge:

Staff Sergeant Santiago Rapolla was convicted by a general court-martial consisting of a military judge sitting alone, and in accordance with his pleas, of two specifications of selling military property of the United States of a value of over $100, in violation of Article 108, UCMJ, 10 U.S.C. § 908, and one specification of larceny of military property of the United States, in violation of Article 121, 10 U.S.C. § 921.[1] He was sentenced to a bad-conduct discharge, confinement for 36 months, forfeiture of $650 pay per month for 36 months, and reduction to E–1. The convening authority disapproved the forfeitures, in keeping with the terms of the pretrial agreement, and otherwise approved the sentence as adjudged.

On appeal, Rapolla raises one issue. He claims that there was an insufficient factual basis established for his plea of guilty to Charge II, the larceny of military property, in that some (though not all) of the property comprehended in the plea was purchased off-base from a civilian who obtained it from an unknown source. Since the plea was accepted on the basis of larceny by wrongful withholding, which requires initial lawful possession of the property, the appellant maintains that he could not be found guilty because he came by it in an illicit fashion. We agree.

A guilty plea cannot be received unless an objective factual basis exists for it. R.C.M. 910(e); *United States v. Holt*, 27 M.J. 57 (C.M.A.1988); *United States v. Borner*, 25 M.J. 551 (A.F.C.M.R.1986). The stipulation of fact shows that the appellant purchased four cans of 5.56 mm ammunition containing some 3,360 rounds and two cans of 9 mm ammunition containing some 2,000 rounds from a civilian acquaintance. He knew the ammunition was military property of the United States, but did not know how the civilian came into its possession. The appellant further obtained two cans of 5.56 mm ammunition from unnamed members of the United States Marine Corps at Norton AFB. The appellant then resold the ammunition, with other items, to an undercover agent.[2]

The enactment of Article 121 "eliminated the oftimes subtle and confusing distinctions previously drawn between common law larceny, embezzlement, and false pretenses.... The consolidation of these crimes, however, did not enlarge the statutory crime of "larceny" to include more than its components previously encompassed ... that which did not constitute common law larceny, embezzlement, or false pretenses prior to the adoption of Article 121 ... was not therefore punishable as a violation thereof." *United States v. Buck*, 3 U.S.C.M.A. 341, 343, 12 C.M.R. 97, 99 (1953). The Court of Military Appeals and this Court have consistently held that, since larceny by wrongful withholding derives from embezzlement, the thief must have originally come into possession of the property legitimately, either as a fiduciary, a bailee, or in some custodial sense. The gravamen of the offense is the subsequent failure to return or account for the property, or the subsequent devoting of it to a purpose not authorized by the owner. *United States v. McFarland*, 8 U.S.C.M.A. 42, 23 C.M.R. 266 (1957); *United States v. Neff*, 34 M.J. 1195 (A.F.C.M.R.1992); *United States v. Wiederkehr*, 33 M.J. 539 (A.F.C.M.R.1991); *United States v. Meeks*, 32 M.J. 1033 (A.F.C.M.R.1991); *United*

---

1. In accordance with a pretrial agreement, an additional charge and specifications of conspiracy resulted in not guilty findings when the government introduced no evidence.

2. The factual sufficiency of the plea insofar as it involves the ammunition obtained from the Marines is not raised on appeal. While a withholding theory may not lie with regard to that property, there is ample evidence of record to show larceny by asportation, whether the appellant continued an asportation begun by an unnamed Marine or initiated it himself. *United States v. Barlow*, 470 F.2d 1245 (D.C.Cir.1972); *United States v. Wright*, 22 M.J. 25 (C.M.A.1986); *United States v. Cassey*, 14 U.S.C.M.A. 558, 34 C.M.R. 338 (1964); *United States v. Tamas*, 6 U.S.C.M.A. 502, 20 C.M.R. 218 (1955); *United States v. Keen*, 30 M.J. 1108 (N.M.C.M.R.1989); *United States v. Bryant*, 9 M.J. 918 (A.C.M.R.1980). The plea to larceny as to that property, therefore, has a proper factual basis.

*States v. Cody,* 8 C.M.R. 594 (N.B.R.1953); MCM, Part IV, paragraph 46c(1)(b) (1984).

▮ The Government points to MCM, Part IV, paragraph 46c(1)(b) (1984) which states that a larceny by wrongful withholding may arise "... whether the person withholding the property acquired it lawfully or unlawfully." Unfortunately, there appear to be no decisions applying a wrongful withholding theory to property illicitly obtained by the thief.[3] Moreover, insofar as the statement would seem to expand the substantive scope of larceny by wrongful withholding, it is illegitimate, since the President's rule-making authority does not extend to matters of substantive military criminal law. *Ellis v. Jacob,* 26 M.J. 90 (C.M.A.1988).[4] In view of the substantial precedents cited above, the silence of Congress on the matter, and the dubious basis for the statement in the Manual for Courts–Martial, we decline to use it as a reason for extending larceny by wrongful withholding to this situation.

The Government further argues that the appellant's position as a security policeman, who had served as a weapons custodian and noncommissioned officer in charge of the armory, established under Air Force regulations a kind of fiduciary relationship which would require him to account for and return the property to the Government. The record, however, is utterly devoid of evidence that the appellant was accountable for the specific property which was the subject of the specification. Indeed, he could not have been, since it came into his possession not legitimately but by an illicit

purchase. We decline to convert such an inchoate concept into a grounding for a finding of larceny. *See United States v. Castillo,* 18 M.J. 590 (N.M.C.M.R.1984).

▮ In fact, it is apparent that the offense the appellant committed in purchasing the ammunition from the civilian was not larceny by withholding, but receiving stolen property under Article 134, 10 U.S.C. § 934.[5] We cannot, however, find him guilty of that offense, since it is not a lesser included offense of larceny under Article 121.[6] Likewise, findings of guilty of larceny by withholding cannot be premised upon evidence that the appellant was guilty of receiving stolen property. MCM, Part IV, paragraph 46c(1)(b) (1984); Article 79, U.C.M.J., 10 U.S.C. 879; *United States v. Jones,* 13 U.S.C.M.A. 635, 33 C.M.R. 167 (1963); *United States v. Welker,* 8 U.S.C.M.A. 647, 25 C.M.R. 151 (1958).

Accordingly, we approve only so much of the finding of guilty of the specification of Charge II as reflects the larceny, during August 1990, of one ammo can containing approximately 700 rounds of 5.56mm ammunition, military property of a total value of more than $100, the property of the United States. The remaining findings are affirmed without modification.

▮ Our action requires concomitant action on the appellant's sentence. We will not order a rehearing, since we are confident that we can fairly reassess the sentence. *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990); *United States v. Sales,* 22 M.J. 305 (C.M.A.1986). Our power over

---

3. *United States v. Roark,* 12 U.S.C.M.A. 478, 31 C.M.R. 64 (1961) and *United States v. O'Hara,* 14 U.S.C.M.A. 167, 33 C.M.R. 379 (1963) may be read to suggest that a non-larcenous but wrongful taking done as a joke or "to teach someone a lesson" might become wrongful withholding under Article 121 if a subsequent intent and actions to withhold are proven. These cases, however, were explicitly overruled in *United States v. Kastner,* 17 M.J. 11 (C.M.A.1983).

4. The danger of regulatory extension is, if anything, more acute in embezzlement, which is a purely statutory crime unknown to the common law. *See People v. Bergman,* 246 Mich. 68, 224 N.W. 375 (1929); 39 Geo. III, c. 85 (1799). Of course, common law crimes have been pro-

scribed in the Federal system since very early days. *United States v. Hudson and Goodwin,* 7 Cranch (11 U.S.) 32, 3 L.Ed. 259 (1812) (1807).

5. The Government argues that receiving stolen property was not committed, since the appellant did not know the ammunition was stolen. We think it inherently incredible that an experienced security policeman who is approached by a civilian and offered ammunition which he knows to be military property would not know it was stolen. Certainly there was ample evidence to support such a finding, had charges been preferred under Article 134.

6. *McFarland, supra; United States v. Clark,* 49 C.M.R. 192 (A.C.M.R.1974).

sentence appropriateness is a broad one, not extending to pure clemency but allowing ample discretion "to fix the quantum of punishment as it is specially suited to the accused's case." *United States v. Atkins,* 8 U.S.C.M.A. 77, 78, 23 C.M.R. 301, 303 (1957). *See United States v. Healy,* 26 M.J. 394 (C.M.A.1988); *United States v. Jefferson,* 7 U.S.C.M.A. 193, 21 C.M.R. 319 (1956); *United States v. Cavallaro,* 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1954). Even after the modification in the findings, the offenses of which the appellant was convicted are very serious ones. He completely flouted his solemn responsibility as a noncommissioned officer and introduced an inherently dangerous item—ammunition—into the stream of illicit commerce, for purely mercenary reasons. The diversion of ammunition purchased with public funds for the common defense into illegitimate channels is strongly to be deprecated.

Taking into account the whole record, we approve only so much of the sentence as provides for a bad-conduct discharge, confinement for 30 months, and reduction to E-1. We find this sentence appropriate and are confident that it is no greater than would have been adjudged by the military judge. *United States v. Sales, supra.*

The findings and the sentence, as modified, are

AFFIRMED.

Senior Judge PRATT and Judge CONNELLY concur.