**UNITED STATES, Appellee,**

v.

**Private First Class Stephen J. PEELE United States Army, Appellant.**

**ARMY 9601770.**

U.S. Army Court of Criminal Appeals.

25 July 1997.

---

5. Latin, meaning to abide by, or adhere to, decided cases. *Black's Law Dictionary* 1261 (5th ed.1979).

For Appellant: Colonel John T. Phelps II, JA; Major Michael E. Hatch, JA; Captain Arden B. Levy, JA (on brief).

For Appellee: Lieutenant Colonel Eva M. Novak, JA; Captain Elizabeth N. Porras, JA; Captain Robert F. Resnick, JA (on brief); Colonel John M. Smith, JA.

Before EDWARDS, KAPLAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty by a military judge sitting as a general court-martial of damage to military property of the United States through neglect and simple arson in violation of Articles 108 and 126(b), Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 926(b) (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence consisting of a bad-conduct discharge, confinement for

1. After the appellant submitted his case on the merits without assigning any error for appellate review, this court ordered the appellant and the government to file briefs on two specified issues concerning multiplicity, lesser included offenses, and unreasonable multiplication of charges. We

nine months, forfeiture of all pay and allowances, and reduction to Private E1.

The issue in this case is whether the military judge erred when he found the appellant guilty of both *willfully and maliciously* burning military property and damaging *through neglect* the same property.[1] We hold that the plea of guilty to damaging military property through neglect was improvident.

The appellant admitted under oath and via a stipulation of fact that between midnight and 0200 hours on 13 October 1995, he entered the dayroom of his unit in Building C-5528. The dayroom was being remodeled. He kicked over some flammable remodeling materials and/or some books and papers onto the floor of the room and *willfully and maliciously* set them on fire with his cigarette lighter. As the fire was burning, he then *negligently* departed the room. He voluntarily returned a few moments later when another soldier detected the fire and yelled for help. The appellant assisted in extinguishing the fire. The amount of damage caused by the fire to Building C-5528 was $600.00.

Thereafter, although the appellant was charged with aggravated arson under Article 126(a), UCMJ, pursuant to his plea, the military judge found him guilty, by exceptions and substitutions, of simple arson under Article 126(b), UCMJ, as follows:

In that Private First Class Stephen Jeremiah Peele, U.S. Army, did, at or near Fort Bragg, North Carolina, on or about 13 October 1995, *willfully and maliciously* burn Building number C5528 (troop billets), military property of the United States, of a value of about $4,245,024.00.

Also, although the appellant was charged with *willfully* damaging military property under Article 108, UCMJ, again pursuant to his plea, the military judge found him guilty, by exceptions and substitutions, of the following specification:

will not answer either specified issue. After reviewing the briefs submitted by both parties, we concluded that the problem with the findings of guilty in this case stem from the providence inquiry.

In that Private First Class Stephen Jeremiah Peele, U.S. Army, did, at or near Fort Bragg, North Carolina, on or about 13 October 1995, without proper authority, *through neglect* damage by setting fire to [B]uilding number C–5528 (troop billets) of a value of about $4,245,024.00, military property of the United States, the amount of said damage being in the sum of about $600.00.

In order for a guilty plea to be provident, the military judge must explain to the accused the elements of each offense, elicit from the accused the facts and circumstances surrounding the offenses to establish the factual basis of the judge's conclusions that the accused is guilty, and ensure that the accused fully understands the nature of the offenses to which he has pleaded guilty. *United States v. Davenport,* 9 M.J. 364, 366 (C.M.A.1980); *United States v. Care,* 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). If the accused sometime during the proceedings says something that is inconsistent with the plea of guilty, the military judge has a duty to note the inconsistency and must inquire further into the providence of that plea. *United States v. Clark,* 26 M.J. 589, 592 (A.C.M.R.1988), *aff'd,* 28 M.J. 401 (C.M.A.1989). An accused's willingness to admit guilt cannot make an otherwise defective plea provident. *United States v. Watkins,* 32 M.J. 527, 529 (A.C.M.R.1990). However, once a guilty plea has been accepted as provident, it will not be set aside on appeal unless the record contains some evidence in "substantial conflict" with the plea. *United States v. Higgins,* 40 M.J. 67, 68 (C.M.A. 1994); *see also United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). Our review of the appellant's guilt is limited to evidence presented at trial. *United States v. Bethea,* 22 U.S.C.M.A. 223, 46 C.M.R. 223, 225 (1973).

The elements of proof in the Manual for Courts–Martial, United States, (1995 edition), Part IV [hereinafter MCM], include both the statutory elements for each particular offense and any aggravating factors listed under the President's authority to increase the maximum permissible punishment when specified aggravating factors are pleaded and proven. The Court of Appeals for the Armed Forces [hereinafter Court of Appeals] clarified in *United States v. Weymouth,* 43 M.J. 329, 340 (1995), that those elements required to be alleged in the specification along with the statutory elements, constitute the elements of the offense. Consequently, following the practice of our superior court, we will apply the MCM's elements of proof for both Articles 108 and 126(b), together with the pleadings, in our analysis of the providence inquiry.

The elements of proof for simple arson in this case are as follows:

(a) That the accused burned Building C–5528, the military property of the United States;

(b) That the property had a value of about $4,245,024.00; and

(c) That the act was willful and malicious. MCM, 1995, para. 52b(2).

The elements of proof for damage to military property through neglect in this case are as follows:

(a) That the accused, without proper authority damaged Building C–5528 by setting fire to it;

(b) That the property was military property of the United States;

(c) That the damage was the result of neglect by the accused; and

(d) That the value of the property was about $4,245,024.00, and the amount of damage was about $600.00. MCM, 1995, para. 32b(2).

After the military judge explained the elements of proof for both offenses to the appellant, the military judge immediately recognized the apparent nonsequitur in the two pleas. He questioned the defense counsel about the appellant's pleas, "you realize, of course, that you pled him guilty to willfully, maliciously burning property, but through neglect he damaged it." The trial defense counsel responded that that was how the appellant wanted to plead. The military judge asked if the accused could be provident. Both the trial defense counsel and the trial counsel agreed that the appellant "willfully and maliciously set fire, but [thereafter]

damaged a building through neglect." The military judge then proceeded to inquire into the events of 13 October 1995 with the appellant. As the discussion unfolded, the appellant first clearly admitted all of the elements of proof to simple arson. It was only necessary for the military judge thereafter to focus on the third element of proof of damaging military property concerning "neglect." He did so by simply asking the appellant one question, "I would gather that the neglect here was leaving the room with the fire still burning. Would you agree that that was neglect on your part?" The appellant replied, "Yes, Your Honor." This concluded the factual basis for the two pleas.

Under our fact finding powers of Article 66(c), UCMJ, we are convinced that the appellant "willfully and maliciously" started the fire in the dayroom and that the natural and probable consequences of this intentional and unjustifiable act was that Building C–5528 would be damaged. When the appellant later agreed that he damaged the building "through neglect," he raised a matter that was inconsistent with the facts. The appellant was not negligent when he left the dayroom. Rather, his departure was also an intentional act. The military judge should have inquired further into the providence of the appellant's plea. If he had done so, he would have found it illogical to conclude, under the circumstances of this case, that the appellant "willfully and maliciously" started a fire which resulted in damage to Building C–5528, but that the same damage was caused "through neglect." The military judge

should not have accepted the appellant's plea to damaging military property through neglect because it was in substantial conflict with the facts.[2] Essentially, the appellant was willing to admit guilt to a less serious offense that he did not commit (damaging military property through neglect) in order to avoid admitting the precise more serious offense (willfully damaging military property) that he did commit. Accordingly, we find that the appellant's plea of guilty to damaging military property through neglect was improvident.

We have also considered the issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to have no merit.

The findings of guilty of Charge I and its Specification (Article 108, UCMJ) are set aside and Charge I and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record of trial, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence is affirmed.

Senior Judge EDWARDS and Judge KAPLAN concur.

---

**2.** The military judge was unfairly placed in this position by a staff judge advocate, trial counsel, and trial defense counsel who all erroneously believed that they could allow the appellant to manipulate the facts in order to satisfy his desire to explain away his misconduct to a less serious degree and to thereby reduce the maximum period of confinement he was facing for this offense from ten years to one year.